David SOLOMON, et al. *v.* VALCO, INC.

85-202                                    702 S.W.2d 6

Supreme Court of Arkansas
Opinion delivered January 27, 1986

*Thomas B. Keys, Chris O. Parker* and *Robert L. Wilson*, for appellant.

*Huey & Vittitow*, for appellee.

DARRELL HICKMAN, Justice. The decision is reversed because this is a suit against the state, and the chancery court had no

jurisdiction.

Valco contracted with the Arkansas Highway Commission to improve about one mile of Highway 71 in Scott County. The contract called for the removal of several existing bridge structures. After Valco obtained the contract, a dispute arose regarding the removal of two bridges, one over Fouche LaFave River and the other over Fouche LaFave Relief. Valco insisted it was not in the contract to remove these two bridges. The chief engineer for the Highway Commission ruled pursuant to the contract, that Valco had to remove the bridges.

Valco filed a suit in the Pulaski County Chancery Court against the Arkansas Highway Commission's chief engineer, a former member of the commission and the director of the Arkansas Highway and Transportation Department to enjoin the Highway Commission from requiring the removal of the bridges. Contemporaneously, a claim was filed by Valco with the state's Claims Commission for compensation for the work.

■■ The chancellor found the contract ambiguous regarding the two bridges, ruled that the chief engineer was arbitrary in resolving the matter against Valco and issued the injunction. We only need to address the question of jurisdiction. This was simply a suit against the state, prohibited by the Ark. Const. Art. 5 § 20, which provides: "The State of Arkansas shall never be made defendant in any of her courts." The fact that the state Highway Department director, commission board members, and chief engineer were named parties instead of the state itself is not determinative of whether the state is the defendant. We look beyond the named parties to see if the real claim is against the state. *McCain* v. *Crossett Timber Co.*, 206 Ark. 51, 174 S.W.2d 114 (1943). Obviously, the issue here is the business of the state and the defendants, though individuals, were named in their official capacities.

■ Another factor is whether the suit directly or indirectly coerces the state. *Watson* v. *Dodge*, 187 Ark. 1055, 63 S.W.2d 993 (1933). This judgment directly orders the state not to enforce its contract.

■ Exceptions to the rule prohibiting suits against the state are few. Two instances which are not considered suits against the

state are when an agency or officer acts illegally or *ultra vires*, which means beyond the agency's or officer's legal power or authority. *Federal Compress & Warehouse Co.* v. *Call*, 221 Ark. 537, 254 S.W.2d 319 (1953); *Ark. Game & Fish Comm.* v. *Eubank*, 256 Ark. 930, 512 S.W.2d 540 (1974). Condemnation cases are also not considered suits against the state. *Ark. Highway Comm.* v. *Flake*, 254 Ark. 624, 495 S.W.2d 855 (1973).

This suit is not within any of these or other exceptions; it is simply a suit directly against the state which is prohibited by the constitution.

Reversed and dismissed.

PURTLE, J., not participating.