SLIP OPINION

Cite as 2013 Ark. 346

# SUPREME COURT OF ARKANSAS

No. CV–13–176

PAMELA FITZGIVEN; LOVEIDA
INGRAM; AND PULASKI
ASSOCIATION OF CLASSROOM
TEACHERS

APPELLANTS

V.

ROBIN DOREY; CALLIE
MATTHEWS; KRISTINA LAUGHY;
DIANE WAGNER; ELLA SERGEANT;
NICK WITHERSPOON; PAUL
BREWER; VERONICA PERKINS;
JACKIE SMITH; THE PULASKI
COUNTY SPECIAL SCHOOL
DISTRICT; THE ARKANSAS
DEPARTMENT OF EDUCATION;
AND TOM W. KIMBRELL,
COMMISSIONER OF THE
DEPARTMENT OF EDUCATION

APPELLEES

LONNIE CONEY; BELINDA PEARL;
AND PULASKI ASSOCIATION OF
SUPPORT STAFF

APPELLANTS

V.

KEITH COOPER; CHERYL HOWEY;
REGENA ENGLISH; BECKY DEL RIO;
JAMES WATSON; JOHN SPARKS;
CHARLES BLAKE; DERRICK
BROWN; BILL GOFF; THE PULASKI
COUNTY SPECIAL SCHOOL

Opinion Delivered September 26, 2013

APPEAL FROM THE PULASKI
COUNTY CIRCUIT COURT
[NOS. 60CV–12–1090, 60CV–12–1091,
60CV–12–3201, 60CV–12–5075]

HONORABLE MARY SPENCER
MCGOWAN, JUDGE

AFFIRMED.

1

SLIP OPINION

DISTRICT; THE ARKANSAS
DEPARTMENT OF EDUCATION;
AND TOM W. KIMBRELL,
COMMISSIONER OF THE
DEPARTMENT OF EDUCATION

APPELLEES

ERIKA EVANS; BRENDA ROBINSON;
AND CHERYL CARPENTER, AS
INDIVIDUALS AND CLASS
REPRESENTATIVES

APPELLANTS

V.

PULASKI COUNTY SPECIAL
SCHOOL DISTRICT; THE ARKANSAS
DEPARTMENT OF EDUCATION;
AND TOM W. KIMBRELL, IN HIS
OFFICIAL CAPACITY AS
COMMISSIONER OF THE
ARKANSAS DEPARTMENT OF
EDUCATION

APPELLEES

DON CLEVENGER AND CARLTON
WYLEY, AS INDIVIDUALS AND AS
CLASS REPRESENTATIVES

APPELLANTS

V.

PULASKI COUNTY SPECIAL
SCHOOL DISTRICT; THE ARKANSAS
DEPARTMENT OF EDUCATION;
AND TOM W. KIMBRELL, IN HIS
OFFICIAL CAPACITY AS

2



COMMISSIONER OF THE
ARKANSAS DEPARTMENT OF
EDUCATION

APPELLEES

**PAUL E. DANIELSON, Associate Justice**

Appellants Pamela Fitzgiven, Loveida Ingram, and the Pulaski Association of Classroom Teachers (collectively, "PACT"); Lonnie Coney, Belinda Pearl, and the Pulaski Association of Support Staff (collectively, "PASS"); Erika Evans, Brenda Robinson, and Cheryl Carpenter, as Individuals and Class Representatives (collectively, "the Evans class"); and Don Clevenger and Carlton Wyley, as Individuals and Class Representatives (collectively, "the Clevenger class"), appeal from the circuit court's order that granted a motion to dismiss on the basis of sovereign immunity by appellees the Arkansas Department of Education and Tom W. Kimbrell, Commissioner of the Arkansas Department of Education (collectively, "ADE").[1]  They assert that the circuit court erred in dismissing ADE from their respective actions because their complaints alleged recognized exceptions to the doctrine of sovereign immunity and because they alleged claims under the Administrative Procedure Act ("APA"). We affirm the circuit court's order.

The circuit court's order granted ADE's motion to dismiss in the Appellants' four separate cases, all of which stemmed from ADE's administrative supervision of the Pulaski County Special School District ("PCSSD"), after the district was found to be in fiscal distress

---

[1] Additional defendants were named below and are included in the style of this case; however, the circuit court issued a certificate pursuant to Arkansas Rule of Civil Procedure 54(b) (2012), and they are not parties to the instant appeal.

by the State Board of Education in accordance with the provisions of the Arkansas Fiscal Assessment and Accountability Program ("AFAAP"), codified at Arkansas Code Annotated §§ 6-20-1901 to -1911 (Repl. 2007 & Supp. 2011). The first case, docketed as 60CV-12-1090, was filed by PACT and asserted that the plaintiffs included certified teachers employed by the PCSSD "by written contracts which incorporate a set of personnel policies, referred to as the Professional Negotiations Agreement ("PNA")."[2] PACT stated that it was bringing the action against ADE in part under the APA and in part seeking a declaration of the parties' rights under Arkansas law.

PACT alleged that following the State Board's determination that the PCSSD was in fiscal distress, ADE dissolved the PCSSD's board of education, removed its superintendent, and placed ADE's Commissioner, Dr. Kimbrell, in the position of the district's school board, where he then appointed a temporary superintendent answering to him. It maintained that after the district's fiscal-distress determination, PCSSD and PACT entered into negotiations relating to the PNA; however, those negotiations eventually came to a standstill, at which time the PCSSD, according to the complaint, notified PACT that its recognition of PACT was withdrawn and that the terms of the PNA would cease on June 30, 2012, with new personnel polices becoming effective on July 1 of that year.

PACT alleged that ADE's application of its rules, as authorized by Ark. Code Ann. § 6-20-1908(f) (Repl. 2007) allowing ADE to make binding recommendations to a district's

---

[2]PACT described itself as a "duly incorporated non-profit entity," which represented a majority of the certified teachers in the PCSSD.

superintendent regarding staffing and fiscal practices, threatened to injure the plaintiffs. It further alleged that by ordering the PCSSD superintendent to withdraw its recognition of PACT, terminate the PNA, and implement personnel policies, ADE exceeded the scope of its statutory authority, acted ultra vires, and acted arbitrarily, capriciously, and in bad faith, as ADE's actions involved nonfiscal matters. In addition, PACT alleged that PCSSD breached the PNA by withdrawing recognition and terminating the PNA, breached the PNA by failing to complete the negotiation process before modifying the PNA provisions that were subject to modification through the negotiation procedure, and violated state law by recognizing a personnel-policy committee and withdrawing recognition; that the personnel-policy committee was illegal and had no power or authority, or alternatively, was illegally formed and had no power or authority; and that PCSSD was estopped from claiming that the personnel-policy committee was formed in compliance with the law.

Similarly, in case 60CV-12-1091, PASS asserted that the plaintiffs included nonmanagement, classified employees of PCSSD, "employed by written contracts which incorporate a set of personnel policies, referred to as the Professional Negotiations Agreement ("PNA")."[3] PASS stated that it was bringing its action in part under the APA and in part seeking a declaration of the parties' rights under Arkansas law. After setting forth virtually the same sequence of events as PACT did, but relative to PASS, PASS asserted that ADE's application of its rules, as authorized by section 6-20-1908(f), threatened to injure the

---

[3]PASS described itself as a "duly incorporated non-profit entity, which represented a majority of the district's classified employees.

plaintiffs. It further asserted that ADE's actions exceeded the scope of its statutory authority, were ultra vires, and were arbitrary, capricious, and in bad faith, when ADE ordered the PCSSD superintendent to withdraw its recognition of PASS, terminate the PNA, and implement personnel policies, as ADE's actions involved nonfiscal matters. PASS further alleged, like PACT, that PCSSD breached the PNA by withdrawing recognition and terminating the PNA; breached the PNA by failing to complete the negotiation process before modifying the PNA provisions that were subject to modification through the negotiation procedure and violated state law by recognizing a personnel-policy committee and withdrawing recognition; that the personnel-policy committee was illegal and had no power or authority or, alternatively, was illegally formed and had no power or authority; and that PCSSD was estopped from claiming that the personnel-policy committee was formed in compliance with the law.

In the third matter, Erika Evans, Brenda Robinson, and Cheryl Carpenter, as individuals and as class representatives, filed a class-action complaint against PCSSD and ADE; the case was docketed as number 60CV-12-3201. The Evans class consisted of "all certified teachers employed by the District during the 2011–2012 school year pursuant to individual written contracts" that incorporated the PNA, who received a letter notice from the PCSSD's acting superintendent that he was recommending nonrenewal of their teaching contracts for the 2012–2013 school year and who had requested a hearing within thirty days of receiving the notice of nonrenewal. The Evans class asserted that the case was brought as a breach-of-contract claim and under the Arkansas Teacher Fair Dismissal Act ("ATFDA"), the Arkansas

SLIP OPINION

Declaratory Judgment Act, the APA, and Arkansas Rule of Civil Procedure 58. Like PACT and PASS in the previous two cases, the Evans class asserted that ADE's application of its rules threatened to injure the plaintiffs, whereby ADE ordered the PCSSD superintendent to withdraw recognition of PACT and PASS as the collective bargaining units for the district's licensed and classified staff, to terminate the PNAs, and to implement personnel policies for certified personnel and support staff. In doing so, they claimed, ADE's actions exceeded the scope of its statutory authority, were ultra vires, and were arbitrary, capricious, and in bad faith, as ADE's actions involved nonfiscal matters. The Evans class further sought a declaration of the ATFDA's inapplicability to personnel-policy changes; that PCSSD's decision to nonrenew the plaintiffs' contracts was void under the ATFDA because the district failed to substantially comply with its personnel policies; and that the district's decision to nonrenew the contracts was not just or reasonable.

The final matter, docketed as 60CV-12-5075, was a class-action complaint by Don Clevenger and Carlton Wyley, as individuals and class representatives, against PCSSD and ADE. In it, they asserted that they represented the majority of classified PCSSD employees who were in "bargaining unit eligible positions" during the 2011–2012 school year pursuant to individual written contracts incorporating the PNA, who received a letter notice of nonrenewal for the 2012–2013 school year from the PCSSD acting superintendent, and who requested a hearing within twenty-five days of receiving the notice. The complaint stated that the matter was brought as a breach-of-contract claim, and under the Arkansas Declaratory Judgment Act, the APA, and Ark. R. Civ. P. 58. As in the other cases, the Clevenger class

alleged that ADE's application of its rules threatened to injure the plaintiffs when ADE ordered the PCSSD superintendent to withdraw recognition of PACT and PASS, to terminate the PNAs, and to implement personnel policies for certified personnel and support staff. The Clevenger class maintained that by so doing, ADE exceeded the scope of its statutory authority, acted ultra vires, and acted arbitrarily, capriciously, and in bad faith, as ADE's actions involved nonfiscal matters. The Clevenger class likewise sought a declaration that the Public School Employee Fair Hearing Act ("PSEFHA") was inapplicable to personnel-policy changes, that the decision to nonrenew the plaintiffs' contracts was void under the PSEFHA because PCSSD failed to substantially comply with its personnel policies, and that the decision to nonrenew the contracts was arbitrary and capricious.

In each of the cases, ADE filed a motion to dismiss.[4] In its motions to dismiss,[5] ADE averred that under the fiscal-distress statutes, ADE was provided the authority to identify a school district as "in fiscal distress" if one or more accounting, budgetary, or other fiscal conditions jeopardized the fiscal integrity of the school district. It further asserted that the statutes authorized it to take a number of actions to address a school district's fiscal-distress

---

[4]The motions to dismiss filed in each case, while not identical, were virtually the same in substance. In the Clevenger-class case, or 60CV-12-5075, a joint stipulation was filed by the plaintiffs and the defendants stating that ADE's motion to dismiss, its brief-in-support, the response and brief-in-support, and the reply, as well as a stipulation from the PASS case, or 60CV-12-1091, were to be treated as having also been filed in the Clevenger-class case.

[5]The motions to dismiss were considered filed on behalf of both ADE and Dr. Kimbrell, pursuant to a joint stipulation. We note that this court has observed that a suit against a state official in his or her official capacity is not a suit against that person, but is a suit against that official's office. *See Arkansas Tech Univ. v. Link*, 341 Ark. 495, 17 S.W.3d 809 (2000).

classification. In so addressing PCSSD's classification, ADE claimed, it issued binding recommendations to PCSSD requiring changes in the terms, benefits, and compensation paid by PCSSD to its employees. It did so, it stated, in order to restore the fiscal integrity and long-term fiscal stability of the district within the two years allowed by the fiscal-distress statutes, while limiting the number of employees who would otherwise lose their jobs due to the district's classification.

Averring that the plaintiffs' complaints were brought against ADE regarding matters allegedly done in furtherance of ADE's official duties, ADE asserted that the plaintiffs' claims for relief in each case were barred by sovereign immunity. With respect to the plaintiffs' claims under the APA, ADE urged that the APA did not authorize judicial review of an agency's day-to-day decisions, but authorized such review after only an adjudication by an agency. ADE further asserted that the plaintiffs' complaints contained no allegation that their actions were an appeal from an adjudication; therefore, ADE maintained, the circuit court did not have subject-matter jurisdiction to review the plaintiffs' claims under the APA. ADE claimed that it had acted within the scope of its authority in recommending changes to the terms, compensation, and benefits of the PCSSD employees, relying on Ark. Code Ann. § 6-20-1908(f)(1), (2), which it claimed required ADE to evaluate and make recommendations regarding staffing and fiscal practices of the school district. The plaintiffs in each case countered that they had alleged facts establishing that ADE went beyond its statutory authority to address fiscal issues, and acted ultra vires and in bad faith, specifically, that ADE did so by directing PCSSD to "terminate a plethora of non-fiscal contract provisions."

Therefore, they asserted, their claims were not barred by sovereign immunity.

A hearing was held on ADE's motions to dismiss, and the circuit court issued its order granting the motion in each of the four cases.[6]  In it, the circuit court ruled, in pertinent part:

> In this case, the Plaintiffs argue that Kimbrell and the ADE's actions in not following the PNA are ultra vires because the PNA contains provisions that do not affect the Pulaski County Special School District's finances.  The Plaintiffs argue, as an example, that the evaluations of teachers are a part of the PNA which do not affect the cost of operating the school district.  However, as the ADE points out, teacher evaluation systems cost money to implement and therefore, are a cost in operating a school district.  In fact, the provisions of the PNA directly relate to the Pulaski County Special School District's operations and finances.
>
> The remedy for school districts who find themselves in fiscal distress is extreme. It is basically a takeover by the state.  Here, the teachers and support staff will bear a heavy burden in getting the school district back into fiscal health.  It is unfortunate and unfair that the teachers and support staff did not have the responsibility for making the decisions that led to the fiscal distress, but will suffer because of those decisions. However, in this case, there is no evidence of any illegal, unconstitutional, ultra vires, in bad faith, or arbitrary action on behalf of the state.
>
> In all four cases before this Court, the Plaintiffs seek to control the actions of Tom Kimbrell, Commissioner of the Arkansas Department of Education, and the Arkansas Department of Education.  Thus, these are suits against the state and each case is barred by the doctrine of sovereign immunity.

The circuit court then granted ADE's motions to dismiss, and PACT, PASS, the Evans class, and the Clevenger class bring the instant appeal jointly.

On appeal, the Appellants argue that ADE exceeded its authority under Ark. Code Ann. § 6-20-1908(f) and acted ultra vires and in bad faith when it ordered PCSSD to terminate the PNAs, to withdraw its recognition of PACT and PASS, and to implement new personnel policies, because the statute limits ADE's authority to make binding

---

[6]The circuit court's order noted that the cases were "consolidated for hearing only on the various Motions to Dismiss."

recommendations on only staffing and fiscal practices. The Appellants contend that ADE had no authority to order fiscally distressed PCSSD to abandon or alter nonfiscal policies or practices, such as the derecognition of an organization to represent the employees in their negotiations of personnel policies or the elimination of personnel policies having no fiscal effect.[7] They urge that ADE exceeded its authority in ordering the district to abandon the PNAs, as no statute authorized ADE to order abandonment when such an agreement was already in place. The Appellants further assert that Dr. Kimbrell's directive to wholesale reject the PNAs was arbitrary, capricious, and in bad faith because the nonfiscal policies contained in the PNAs could have been negotiated using the procedures set forth therein for modification. Finally, the Appellants claim, the State has waived sovereign immunity for claims falling within the APA, under which they contend they are also proceeding.

ADE responds that the Appellants' argument turns on an artificial distinction that they attempted to inject into the fiscal-distress statutes and the PNAs, namely, that ADE's authority extended only to fiscal matters. It maintains that once a school district has been identified as in fiscal distress, ADE is given significant regulatory and administrative authority over the day-to-day decisions of the district. Relying on section 6-20-1908(f), ADE contends that it in no way acted outside of its authority, as the statute clearly requires the department to make recommendations regarding all aspects of staffing, as well as fiscal practices. It further points

---

[7]The Appellants' brief provides examples of some of the personnel policies that they contend would have no fiscal effect, such as recognition of PASS and PACT, the dates by which teacher assignments would be made, recognition of class sanctity, collegial respect, and time limits for filing grievances.

11

SLIP OPINION

to Ark. Code Ann. § 6-20-1909(a)(6) (Repl. 2007), claiming that the statute allows ADE to take any other action allowed by law that is necessary to assist the district in removing the fiscal-distress determination. It was under the authority of these statutes, ADE claims, that it took actions it deemed necessary to remove PCSSD's fiscal-distress criteria: to derecognize PASS and PACT and to no longer operate under the PNAs. With regard to the Appellants' bad-faith and APA arguments, ADE contends that the Appellants did not argue bad-faith before the circuit court and did not obtain a ruling on it or on their APA argument.

In reviewing a circuit court's decision on a motion to dismiss under Ark. R. Civ. P. 12(b)(6), we treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. *See Grine v. Board of Trustees*, 338 Ark. 791, 2 S.W.3d 54 (1999). In testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and pleadings are to be liberally construed. *See id.* However, our rules require fact pleading. *See id.* A complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *See id.*

Sovereign immunity for the State of Arkansas arises from express constitutional declaration. *See id.* Article 5, section 20 of the Arkansas Constitution provides that "[t]he State of Arkansas shall never be made defendant in any of her courts." Sovereign immunity is jurisdictional immunity from suit, and jurisdiction must be determined entirely from the pleadings. *See LandsnPulaski, LLC v. Arkansas Dep't of Correction*, 372 Ark. 40, 269 S.W.3d 793 (2007). In determining whether the doctrine of sovereign immunity applies, the court should determine if a judgment for the plaintiff will operate to control the action of the State

12

or subject it to liability. *See id.* If so, the suit is one against the State and is barred by the doctrine of sovereign immunity. *See id.*

In their complaints, the Appellants requested that the circuit court declare the actions taken by ADE to be in excess of its authority, ultra vires, and in bad faith; enjoin ADE from directing the district to withdraw its recognition of PACT and PASS; enjoin ADE from directing the district to terminate the PNAs; enjoin ADE from directing the district to implement personnel policies; declare that the ATFDA was inapplicable and could not be used to change the terms of the Evans class's contracts; declare that the PNA was in full force and effect and was incorporated into the class's contracts; declare that the renewals of the contracts were subject to changes to the PNA, should the district complete the negotiation process; declare that ADE's directives to withdraw recognition of PACT as the bargaining representative for the Evans class and to terminate the PNA were ultra vires; declare that the PSEFHA was inapplicable and could not be used to change the terms of the Clevenger class's contracts; declare that the PNA was in full force and effect and was incorporated into the class's contracts; declare that the renewals of the contracts were subject to the PNA, should the district complete the negotiation process; and declare that ADE's directives to withdraw recognition of PASS as the bargaining representative for the Clevenger class and to terminate the PNA were ultra vires. Unquestionably, judgments for the Appellants would operate to control the actions of ADE; therefore, the Appellants' suits are ones against the State and would be barred by the doctrine of sovereign immunity unless an exception to the doctrine applies.

SLIP OPINION

The Appellants urge that they pleaded sufficient facts to demonstrate an exception—that ADE acted outside of its authority, ultra vires, and in bad faith. This court has long recognized that a state agency may be enjoined if it can be shown that the agency's action is ultra vires or outside the authority of the agency. *See, e.g., Arkansas Dep't of Envtl. Quality v. Oil Producers of Arkansas*, 2009 Ark. 297, 318 S.W.3d 570. A state agency may also be enjoined from acting arbitrarily, capriciously, in bad faith, or in a wantonly injurious manner. *See id.*

We have held that for an act to be ultra vires, it must be "beyond the agency's or the officer's legal power or authority." *McLane Southern, Inc. v. Arkansas Tobacco Control Bd.*, 2010 Ark. 498, at 23, 375 S.W.3d 628, 644 (quoting *Solomon v. Valco, Inc.*, 288 Ark. 106, 108, 702 S.W.2d 6, 7 (1986)). Here, the Appellants do not dispute ADE's authority under the fiscal-distress statutes. They contend instead that the authority provided is confined to fiscal matters only and is not nearly so broad as to include those actions taken by ADE with respect to PCSSD. Simply put, they are mistaken.

The purpose of the AFAAP is to establish and implement a program by which ADE shall identify, assess, and address school districts in fiscal distress. *See* Ark. Code Ann. § 6-20-1902 (Repl. 2007). Under the Program, ADE "shall evaluate [the district in fiscal distress] and make recommendations to the district superintendent regarding staffing of the school district and fiscal practices of the school district." Ark. Code Ann. § 6-20-1908(f)(1). The recommendations made "shall be binding" on the school district, the superintendent, and the school board of directors. Ark. Code Ann. § 6-20-1908(f)(2). Certainly, ADE's actions, as

14

alleged by the Appellants, including its directives to derecognize the teacher and support-staff associations, to terminate the PNAs, and to implement a personnel-policies committee, fell within ADE's statutory authority. In fact, ADE was required by section 6-20-1908(f)(1) to evaluate and make such recommendations.

Nonetheless, the Appellants aver that ADE's authority to do so was limited to making binding recommendations on only those staffing issues impacting the fiscal status of the district. They contend that because some of the PNAs' provisions would have had no fiscal impact, ADE exceeded its authority and acted ultra vires and in bad faith by directing the district to terminate the PNAs in their entirety. However, it is clear to this court that the Appellants would have us read limiting language into the statute that is simply not there. This we will not do. *See, e.g., Primerica Life Ins. Co. v. Watson*, 362 Ark. 54, 207 S.W.3d 443 (2004) (refusing to read language into a statute that was not there). Moreover, Ark. Code Ann. § 6-20-1909(a)(6) (Repl. 2007) demonstrates just how broad ADE's authority is when dealing with fiscally distressed districts, wherein the General Assembly saw fit to allow ADE to "[t]ake any other action allowed by law that is deemed necessary to assist a school district in removing criteria of fiscal distress."

For purposes of a motion to dismiss, we treat only the facts alleged in a complaint as true, but not a party's theories, speculation, or statutory interpretation. *See Billy/Dot, Inc. v. Fields*, 322 Ark. 272, 908 S.W.2d 335 (1995). Taking only the facts alleged in the Appellants' complaints as true and viewing them in the light most favorable to the Appellants, we cannot say that the Appellants' complaints stated facts sufficient to show that the actions taken by

ADE were in excess of its authority, ultra vires, or in bad faith. Accordingly, the exception to the sovereign-immunity doctrine for such acts by an agency is simply inapplicable. We therefore affirm the circuit court's order granting ADE's motions to dismiss.

With respect to the Appellants' contention that their claims are cognizable as requests for relief under the APA, our review of the circuit court's order reveals no ruling on that argument. This court has been resolute that the failure to obtain a ruling on a specific argument precludes our review of the argument on appeal. *See DIRECTV, Inc. v. Murray*, 2012 Ark. 366, ___ S.W.3d ___.

For all the foregoing reasons, we affirm the circuit court's order.

Affirmed.

*Mitchell, Blackstock, Ivers & Sneddon, PLLC*, by: *Mark Burnette* and *Clayton Blackstock*, for appellants.

*Dustin McDaniel*, Att'y Gen., by: *Scott P. Richardson*, Ass't Att'y Gen., for appellee.