# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-1045

_____

Jerica Moore-Jones, Individually and as Parent and Next Friend of Dela Moore

*Plaintiff - Appellee*

v.

Anthony Todd Quick, Trooper, individually and in his official capacity

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 26, 2018
Filed: November 28, 2018

_____

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

Jerica Jena Moore-Jones sued Arkansas State Police trooper Anthony Todd Quick under 42 U.S.C. § 1983 and state law, for excessive force and assault and battery. The district court denied qualified and statutory immunity. Having jurisdiction under 28 U.S.C. § 1291, this court reverses and remands.

On the evening of November 7, 2015, Moore-Jones was driving on a service road next to the interstate. She passed Quick's marked police car parked on the right shoulder. He checked the car's registration, found it was expired, and began a traffic stop around 8:22:28 p.m., which was recorded on his dash-cam.

Quick pulled right behind Moore-Jones, turned on his emergency lights at 8:23:27 p.m., sirens at 8:23:35 p.m., and spotlight at 8:23:38 p.m. She decelerated to about 14 miles per hour and pulled onto the right shoulder, past a car that had yielded. The shoulder was narrow, the area unlit and dark. She then pulled back on the road, accelerating to 35-38 miles per hour, her speed for the rest of the pursuit. The posted speed limit was 55 miles per hour. At 8:24:16 p.m., she continued past the last exit before the nearest city a mile-and-a-half away. At 8:24:18 p.m., in the paved area after the exit, Quick began a Precision Immobilization Technique (PIT) maneuver. Quick struck her right-rear fender with his left-front bumper, causing her car to spin into a ditch, hitting a cement culvert. Moore-Jones and her daughter visited the hospital that night and were treated and released. She was cited for expired tags and failure to yield to an emergency vehicle, both misdemeanors.

Moore-Jones and her minor daughter sued Quick for excessive force and assault and battery. Quick sought summary judgment, invoking qualified and statutory immunity. The district court denied his motion. Quick appeals.

This court reviews de novo a denial of summary judgment on the basis of qualified immunity, viewing the record most favorably to the non-moving party. *Tatum v. Robinson*, 858 F.3d 544, 547 (8th Cir. 2017). Quick is entitled to qualified immunity unless his "conduct violated a clearly established constitutional or statutory right of which a reasonable officer would have known." *Cravener v. Shuster*, 885 F.3d 1135, 1138 (8th Cir. 2018). To overcome qualified immunity, Moore-Jones must prove: "(1) the facts, viewed in the light most favorable to [her], demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly

established at the time of the deprivation." ***Wilson v. Lamp***, 901 F.3d 981, 986 (8th Cir. 2018). Either prong may be addressed first. ***Pearson v. Callahan***, 555 U.S. 223, 236 (2009).

Moore-Jones claims that Quick's PIT maneuver violated her Fourth Amendment right to be free from excessive force. *See* ***Wilson***, 901 F.3d at 989. For a right to be clearly established, its contours must be "sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." ***Kisela v. Hughes***, 138 S. Ct. 1148, 1153 (2018) (per curiam), *quoting* ***Plumhoff v. Rickard***, 572 U.S. 765, 778–79 (2014). Failing to "identify a case where an officer acting under similar circumstances . . . was held to have violated the Fourth Amendment" is often fatal to a claim outside of obvious cases. ***White v. Pauly***, 137 S. Ct. 548, 552 (2017) (per curiam). *See* ***id.***, *citing* ***United States v. Lanier***, 520 U.S. 259, 271 (1997) (explaining a "general constitutional rule" can give fair warning where it applies "with obvious clarity to the specific conduct in question"). A case need not be "directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." ***Mullenix v. Luna***, 136 S. Ct. 305, 308 (2015) (per curim), *quoting* ***Ashcroft v. al-Kidd***, 563 U.S. 731, 742 (2011).

The right to be free from a PIT maneuver in these circumstances was not sufficiently definite. The district court relied on the clearly established law that "force is least justified against nonviolent misdemeanants who do not flee or actively resist arrest and pose little or no threat to the security of the officers or the public." ***Brown v. City of Golden Valley***, 574 F.3d 491, 499 (8th Cir. 2009). *See* ***Wilson***, 901 F.3d at 990–91 (collecting cases). This general rule, however, does not apply with obvious clarity to the specific conduct here, where Moore-Jones refused commands to stop. *See, e.g.*, ***Ehlers v. City of Rapid City***, 846 F.3d 1002, 1012 (8th Cir. 2017) (finding the *Brown* lines of cases "inapposite" where a suspect ignored two commands) (analyzing law as of 2010). From a reasonable officer's perspective, she refused to comply with commands to pull over. In November 2015, Quick was

justified in using some force to secure compliance. *See **Neal v. Ficcadenti***, 895 F.3d 576, 581 (8th Cir. 2018) ("Law enforcement officers are not required to read a suspect's motivations in failing to obey commands—it is enough that the officer reasonably perceives that the suspect is not following orders as given.") (analyzing law as of 2012); ***Wertish v. Krueger***, 433 F.3d 1062, 1066–67 (8th Cir. 2006) (passive resistance can reasonably require "somewhat more force" to complete an arrest).

Quick decided to use a PIT maneuver from the right side of Moore-Jones's car, avoiding the dangers to her and other drivers from her car potentially spinning into the parallel interstate. He waited until after the last exit before the nearest city, which had space on the right shoulder for the maneuver.

The issue is whether existing precedent put the reasonableness of his decision "beyond debate." *See **Mullenix***, 136 S. Ct. at 308, *quoting **al-Kidd***, 563 U.S. at 741. Moore-Jones identifies one case, *Marshall v. West*, 559 F. Supp. 2d 1224 (M.D. Ala. 2008). There, a PIT maneuver constituted excessive force against a non-violent misdemeanant who failed to pull over during a daylight pursuit, but did not pose an immediate risk to the officers or bystanders. ***Marshall***, 559 F. Supp. 2d at 1240. However, *Marshall* turned on the fact that the defendants—plain-clothed officers driving an unmarked car with a malfunctioning emergency light—"failed to adequately identify themselves to Plaintiff as law enforcement officers." ***Id.*** *See **Atkinson v. City of Mtn. View***, 709 F.3d 1201, 1213 (8th Cir. 2013) (an officer's failure to identify himself is evidence that a suspect is not "actively resisting arrest [or] attempting to evade arrest by flight"), *quoting **Graham v. Connor***, 490 U.S. 386, 396 (1989). The *Marshall* case implies that after adequately identifying himself, an officer might be justified in using a PIT maneuver on a non-compliant motorist. Here, it is undisputed that Quick, in a marked police car, had engaged his emergency lights, sirens, and spotlight.

-4-

Other cases show that PIT maneuvers can reasonably be used. *See **Sharp v. Fisher***, 532 F.3d 1180, 1184 (11th Cir. 2008) (per curiam) (finding PIT maneuver reasonable when used against a suspect fleeing at high speeds and driving erratically); ***Abney v. Coe***, 493 F.3d 412, 418 (4th Cir. 2007) (finding PIT maneuver reasonable when used against motorcyclist endangering the public by recklessly fleeing down narrow, winding roads). *Cf.* ***Scott v. Harris***, 550 U.S. 372, 386 (2007) (PIT maneuver authorized, instead officer struck suspect's car from directly behind); ***Pasco ex rel. Pasco v. Knoblauch***, 566 F.3d 572, 581 (5th Cir. 2009) (intentionally bumping recklessly-fleeing, intoxicated driver off the road was reasonable, even though no other vehicles or pedestrians were encountered during the pursuit); ***Helseth v. Burch***, 258 F.3d 867, 872 (8th Cir. 2001) (en banc) (finding unsuccessful PIT maneuvers used against fleeing suspect during high-speed chase did not have a conscience-shocking intent to harm the driver and passengers necessary for a Due Process Clause violation).

The circumstances here are somewhere between the *Marshall* case and the other cases above. Taken together, they suggest Quick's actions were in the "hazy border between excessive and acceptable force." ***Mullenix***, 136 S. Ct. at 312, *quoting **Brosseau v. Haugen***, 543 U.S. 194, 201 (2004) (per curiam). The district court erred in concluding Moore-Jones's right was clearly established. Quick is entitled to qualified immunity.

This also resolves Moore-Jones's state-law, excessive-force claims. *See **Baldridge v. Cordes***, 85 S.W.3d 511, 514–15 (Ark. 2002) (noting Arkansas officers and employees have immunity similar to federal qualified immunity for non-malicious acts or omissions within the scope of their employment).

This dismissal of the excessive-force claims does not resolve the claims of common law assault and battery. *See **Arkansas State Med. Bd. v. Byers***, 521 S.W.3d 459, 463–65 (Ark. 2017) (under immunity statute for state employees, analyzing

malice allegations and state civil-rights claims separate from federal civil-rights claims); ***Early v. Crockett***, 436 S.W.3d 141, 150 (Ark. 2014) ("[A]n officer or employee who acts maliciously . . . is not protected by [statutory immunity for state employees.]"); ***Simons v. Marshall***, 255 S.W.3d 838, 842 (Ark. 2007) ("[S]uits against [state] officers and employees alleged to be malicious" leave them "liable to the extent anyone would be liable under tort law."); ***Grine v. Bd. of Trustees***, 2 S.W.3d 54, 59 (Ark. 1999) ("Intentional torts overcome the immunity extended to State officers and employees."). *Cf.* ***Martin v. Hallum***, 374 S.W.3d 152, 160 (Ark. Ct. App. 2010) (granting immunity for excessive force claim but denying it for battery under immunity statute for city employees, which has the same scope as statutory immunity for state employees). On remand, the district court may determine whether to exercise supplemental jurisdiction over these claims.

\* \* \* \* \* \* \*

The judgment is reversed, and the case remanded for proceedings consistent with this opinion.

_____