ROBINSON *v.* WHITE.

CONSTITUTIONAL LAW—*Statutory offices.*—The office of assessor is a statutory office, and the Legislature has absolute control over all statutory offices and may abolish them at pleasure, and in doing so, no vested right is invaded.

The act of July 23, 1868, providing for the appointment of the officers contemplated by section 2, of article 10, and the change thereby made, is not in conflict with that clause of the Constitution that declares that the *"term* of *all officers, elected* or *appointed* under the provisions of this Constitution, shall expire on the first day of January, 1873, unless herein otherwise provided."

*Appeal from Phillips Circuit Court.*

HON. JOHN E. BENNETT, Circuit Judge.

*Palmer & Sanders,* for appellant.

*Garland & Nash,* for appellee.

McCLURE, J.

There is but one question presented by the record in this case, and that is: Who is the legal and lawful assessor of Phillips county?

Under the provisions of an act, approved January 21, 1861, it is provided that an assessor shall be elected in Phillips county, at the general election, who shall hold his office for two years and until his successor is elected and qualified.

Robinson, in his complaint at law, recites that on the 13th day of March, 1860, he was elected assessor of Phillips county, and commissioned as such by the Governor of Arkansas, and was duly qualified as such assessor, on the 23d of July, 1868. He further states that he made the assessment of Phillips county for the years 1868-9, and was proceeding to make the assessment for the year 1870, when James T. White, on or

about the 10th day of January, 1870, forcibly entered upon and usurped his said office, without warrant or authority of law.

White filed an answer to the complaint, admitting the election of Robinson, and that he was commissioned by the Governor; that Robinson made the assessment for the years 1868-9, and that he filed his bond, etc., but denies that he forcibly entered upon or usurped the office of assessor of said county of Phillips. White asserts that at the time of said election of Robinson there was no such office as assessor under the Constitution of the State of Arkansas; that, by the provisions of an act, approved July 23, 1868, it is made the duty of the Governor to appoint some suitable person in each county as assessor, whose term of office shall continue until the year 1872, unless sooner removed, etc.; that under the provisions of said act he was appointed assessor of Phillips county, and said Robinson removed, etc.

To this answer a demurrer was filed setting up that the answer does not set up facts sufficient to constitute a defense. The court overruled the demurrer, and rendered judgment for the appellee, and Robinson appealed.

It is urged by the appellant that the second declaration of section 16, article xv., which declares that "all laws not in conflict with the Constitution shall continue in force until otherwise provided by the General Assembly," continued the office of assessor of Phillips county provided by the act of January 21, 1861; and from this he proceeds to question the power of the Legislature to oust him of his office by legislative enactment.

The office of assessor to which Robinson was elected, it is admitted, is a statutory office.

The counsel for the appellant seem to be influenced or impressed with the idea, that Robinson had some kind of vested right to the office of assessor, because he was elected by the people. The Legislature has absolute control over all statutory offices, and may abolish them at pleasure; and in doing

so no vested right is being invaded.    *9 Ark., 270; 24 Mo., 22; 1 Selden, 285; 7 Hill, 81; 2 Denio, 272.*

The second section of article x, declares that "real estate shall be appraised at least once in every five years, by an appraiser, *to be provided by law*, at its true value in money." The entire basis or system of taxation is changed by the Constitution of 1868 ; the property is to be appraised, not in the manner *then* provided by law, but by an appraiser "*to be* provided by law." The language of the present Constitution clearly indicates that the assessment, to be made as a basis of taxation, was to be done, not by the assessors then provided by law, but by assessors "*to be provided by law.*"

It is admitted by the demurrer that the Legislature, by the act approved July 23, 1868, did provide for the appointment of the officer contemplated by section 2, of article x, and that White was appointed, as therein provided, and exercised the duties of the office of assessor by virtue of said appointment.

The only question raised by the demurrer is, whether the change made by the act of July 23, 1868, is in conflict with that clause of the Constitution that declares that "the term of all officers elected or appointed under the provisions of this Constitution shall expire on the first day of January, 1873, unless herein otherwise provided." We have already determined that the assessor appointed or elected under the provisions of the act of January 21, 1861, was the appraiser or assessor contemplated by the second section of article x., and it follows from this that neither the election nor commission of Robinson gave him any right to the office, therefore the tenure of his office was not protected by that clause of the Constitution, which declares that the officers elected under the provisions thereof, should hold until January 1, 1873. The office, to which Robinson was elected, was repugnant to the terms of the Constitution itself, and no act of the electors or the commission based on it could cure his title.

Finding no error in the judgment of the Phillips county circuit court, the same is affirmed with costs.