SLIP OPINION

Cite as 2015 Ark. 392

# SUPREME COURT OF ARKANSAS

**No.** CV–15–224

JOHNNY KEY, IN HIS OFFICIAL
CAPACITY AS COMMISSIONER OF
THE ARKANSAS DEPARTMENT OF
EDUCATION; SAMUEL LEDBETTER,
IN HIS OFFICIAL CAPACITY AS
CHAIRMAN, ARKANSAS STATE
BOARD OF EDUCATION; TOYCE
NEWTON, IN HER OFFICIAL
CAPACITY AS VICE-CHAIRMAN,
ARKANSAS STATE BOARD OF
EDUCATION; JOE BLACK, IN HIS
OFFICIAL CAPACITY AS MEMBER,
ARKANSAS STATE BOARD OF
EDUCATION; ALICE WILLIAMS
MAHONY, IN HER OFFICIAL
CAPACITY AS MEMBER, ARKANSAS
STATE BOARD OF EDUCATION;
MIREYA REITH, IN HER OFFICIAL
CAPACITY AS MEMBER ARKANSAS
STATE BOARD OF EDUCATION;
VICKI SAVIERS, IN HER OFFICIAL
CAPACITY AS MEMBER, ARKANSAS
STATE BOARD OF EDUCATION; JAY
BARTH, IN HIS OFFICIAL CAPACITY
AS MEMBER ARKANSAS STATE
BOARD OF EDUCATION; DIANE
ZOOK, IN HER OFFICIAL CAPACITY
AS MEMBER, ARKANSAS STATE
BOARD OF EDUCATION; AND KIM
DAVIS, IN HIS OFFICIAL CAPACITY
AS MEMBER, ARKANSAS STATE
BOARD OF EDUCATION
                       APPELLANTS

V.

**Opinion Delivered** October 29, 2015

APPEAL FROM THE PULASKI
COUNTY CIRCUIT COURT, FIFTH
DIVISION
[NO. 60CV-15-654]

HONORABLE WENDELL GRIFFEN,
JUDGE

REVERSED AND DISMISSED.

SLIP OPINION

DIANE CURRY, C.E. MCADOO, JIM
ROSS, AND DORIS L. PENDLETON
                                    APPELLEES

**ROBIN F. WYNNE, Associate Justice**

Appellants have filed an interlocutory appeal pursuant to Arkansas Rule of Appellate Procedure–Civ. 2(a)(10) (2015) in which they challenge the Pulaski County Circuit Court's denial of their motion to dismiss, on grounds of sovereign immunity, appellees' complaint for declaratory judgment, writ of mandamus, writ of prohibition, and injunctive relief. Because this case involves the interpretation or construction of the Constitution of Arkansas, our jurisdiction is pursuant to Arkansas Supreme Court Rule 1-2(a)(1) (2015). We reverse the order of the circuit court and dismiss appellees' complaint.

In May 2014, the Arkansas Department of Education (ADE) notified the Little Rock School District (District) that six schools within the District met the criteria for being classified in academic distress. The list included one elementary school, two middle schools, and three high schools. In July 2014, the Arkansas State Board of Education (State Board) classified the schools as being in academic distress. On January 28, 2015, the State Board voted at a public meeting to retain the District superintendent on an interim basis, immediately remove all members of the District's board of directors, and direct the commissioner of education (Commissioner) to assume the authority of the Board of Directors for the day-to-day governance of the District.

On February 24, 2015, appellees–three former members of the District board of directors and a parent whose children attend school in the District–filed a first amended and substituted, verified complaint for declaratory judgment, writ of mandamus, writ of prohibition, and injunctive relief. In the complaint, appellees alleged that the actions of the State Board were unconstitutional and in excess of that body's statutory authority. They also alleged that the actions were ultra vires, arbitrary, capricious, and wantonly injurious.

Appellants filed a motion to dismiss on March 16, 2015, on the ground that the action was barred by sovereign immunity. The trial court entered an order on March 17, 2015, in which it denied the motion to dismiss. This interlocutory appeal followed.

While an appeal may typically not be taken from an order denying a motion to dismiss, such an appeal may be taken from a denial under Arkansas Rule of Appellate Procedure–Civil 2(a)(10), when the motion is based on the defense of sovereign immunity. When reviewing a trial court's decision on a motion to dismiss, we treat as true the facts alleged in the complaint and view them in the light most favorable to the plaintiff. *Hanks v. Sneed*, 366 Ark. 371, 235 S.W.3d 883 (2006). In doing so, we liberally construe the facts in the plaintiff's favor. *See id*. A complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *See id*.

Appellants assert on appeal, as they did below, that the complaint is barred by sovereign immunity. The defense of sovereign immunity arises from article 5, section 20 of the Arkansas Constitution: "The State of Arkansas shall never be made a defendant in any of her courts." Sovereign immunity is jurisdictional immunity from suit, and jurisdiction must be

SLIP OPINION

determined entirely from the pleadings. *Fitzgiven v. Dorey*, 2013 Ark. 346, 429 S.W.3d 234. In determining whether the doctrine of sovereign immunity applies, the court should determine if a judgment for the plaintiff will operate to control the action of the State or subject it to liability. *Id.* If so, the suit is one against the State and is barred by the doctrine of sovereign immunity. *Id.*

This court has recognized exceptions to the defense of sovereign immunity. One of these is that an agency may be enjoined if it can be shown that the agency's action is ultra vires or outside the authority of the agency. *Fitzgiven, supra.* A state agency may also be enjoined from acting arbitrarily, capriciously, in bad faith, or in a wantonly injurious manner. *Id.*

In their complaint, appellees requested (1) that the trial court enter an order declaring the acts of the State Board to be arbitrary, capricious, in bad faith, wanton, ultra vires, and unconstitutional; (2) issue a writ of mandamus and writ of prohibition ordering appellants to return control of the District to the District's board of directors; (3) grant a temporary restraining order or preliminary injunction enjoining appellants from operating the District, in the event immediate control was not returned to the board of directors; (4) order appellants to provide a clear statement of the reasons for the takeover and the steps necessary to return control to the board of directors; and (5) award them attorney's fees and costs. The parties do not dispute that a judgment in favor of appellees on their complaint would operate to control the actions of the State Board, triggering the application of the defense of sovereign immunity.

What the parties do dispute is whether the facts pled in the complaint demonstrate that an exception to the application of sovereign immunity applies. In the complaint, appellees allege that the actions of the State Board were ultra vires, in excess of its statutory authority, and in violation of the Arkansas Constitution. Specifically, appellees allege that the actions of the State Board are in excess of the authority granted to it under the Arkansas Comprehensive Testing, Assessment, and Accountability Program Act (ACTAAPA), codified at Arkansas Code Annotated sections 6-15-401 to -441 (Repl. 2013 & Supp. 2015). They further allege that, to the extent Arkansas Code Annotated section 6-15-430 (Repl. 2013) allows the State Board to remove a school district's board of directors, that provision violates article 14, section 3 of the Arkansas Constitution.

The supervision of public schools, and the execution of the laws regulating the same, shall be vested in and confided to, such officers as may be provided for by the General Assembly. Ark. Const. art. 14, § 4. Under the ACTAAPA, the general assembly has tasked the State Board with establishing rules as may be necessary to allow the Department of Education to implement a program for identifying, evaluating, assisting, and addressing public schools or public school districts failing to meet established levels of academic achievement on the state-mandated augmented, criterion-referenced, or norm-referenced assessments. Ark. Code Ann. § 6-15-424 (Repl. 2013). A public school or school district that is identified by the Department of Education as failing to meet established levels of academic achievement shall be classified as being in (1) school improvement, (2) academic distress, or (3) both. Ark. Code Ann. § 6-15-425 (Repl. 2013). The school district board president and superintendent

of a school district in which the school district or a public school is identified by the Department of Education as being in academic distress shall be notified in writing and shall have a right of appeal to the State Board. Ark. Code Ann. § 6-15-428(a) (Supp. 2015). In the present case, ADE notified the District that the six schools had been determined to be in academic distress in a letter dated January 28, 2015. It is undisputed that the District did not appeal this determination to the State Board.

Arkansas Code Annotated section 6-15-430(b) (Supp. 2015) sets out the actions the State Board may take if a public school is classified as being in academic distress. Under that section, the State Board may take one or more of the actions outlined in section 6-15-430(a). Under section 6-15-430(a), the State Board may require the school district to operate without a board of directors under the supervision of the superintendent or an individual or panel appointed by the Commissioner and, in the absence of a board of directors, direct the Commissioner to assume all authority of the board of directors as may be necessary for the day-to-day governance of the school district. Ark. Code Ann. § 6-15-430(a)(2), (6). In this case, as pled in the complaint, the State Board removed the board of directors, left the then-current superintendent in place on an interim basis, and directed the Commissioner to assume the authority of the board of directors and manage the day-to-day governance of the school district. The State Board operated within its express statutory authority in taking these actions.

Appellees assert in their responsive brief that they pled noncompliance with Arkansas Code Annotated section 6-13-112(a), which they maintain establishes that the State Board

acted illegally. The trial court listed this in its order as being among the grounds pled regarding ultra vires conduct by the State Board. Arkansas Code Annotated section 6-13-112(a) (Repl. 2013) requires the Commissioner to provide to specified members of the general assembly within ten days of the assumption of authority over a district a clear statement of the reasons the district has been placed under the authority of the State Board or the Commissioner and a clear statement of the steps necessary for the school district to remove itself from that authority. Appellees allege in the complaint that this was not done in the instant case. Taking that fact as true, as we are required to do, it is insufficient to demonstrate an exception to sovereign immunity for the purposes of the complaint at issue. The complaint filed by appellees challenges the authority of the State Board to take over a district. Section 6-13-112(a) concerns actions required to be taken *after* the State Board exercises that authority. Therefore, assuming appellees could prove a violation of section 6-13-112(a), this would have absolutely no bearing on whether the State Board was authorized to assume control of the district. This cannot serve as a basis to overcome sovereign immunity in this case.

Appellees also argue in their brief that Arkansas Code Annotated section 6-15-430 constitutes an unlawful delegation of power by the legislature to an administrative body. This allegation was not pled in the complaint.[1] As noted above, sovereign immunity is

---

[1]Appellees do allege in the complaint that there are no standards for taking over a district. However, they do not allege that this constitutes an illegal delegation of authority by the general assembly.

SLIP OPINION

jurisdictional immunity from suit, and jurisdiction is to be determined solely from the pleadings. *Fitzgiven*, 2013 Ark. 346, 429 S.W.3d 234. Therefore, this argument likewise cannot be considered as a basis for establishing an exception to sovereign immunity in this case.

Appellees alleged in their complaint that, to the extent the State Board was operating within its statutory authority, the statute granting that authority, section 6-15-430, violates article 14, section 3 of the Arkansas Constitution.[2] Subsection (c)(1) of article 14, section 3 authorizes school districts to levy, by vote of the qualified electorate, an annual ad valorem property tax and requires the board of directors of each school district to prepare, approve, and make public no less than sixty days before the election a proposed budget of expenditures and a tax levy necessary to provide funds for the expenditures and to submit the tax at the annual school election or at some other time as may be provided by law. Appellees allege in their complaint that this makes school boards of directors constitutional entities that may not be dissolved pursuant to statute. They are mistaken.

Appellees note in their complaint that school boards are statutory entities and that such entities may be dissolved by the general assembly. *Robinson v. White*, 26 Ark. 139 (1870). The fact that school boards of directors are mentioned in the state constitution is not sufficient

---

[2]Appellees also argued at oral argument before this court that section 6-15-430 violates article 2, section 12 of the Arkansas Constitution, which provides that "[n]o power of suspending or setting aside the laws of the State, shall ever be exercised, except by the General Assembly." This contention was not pled in the complaint; therefore, it cannot be considered in determining whether an exception to the doctrine of sovereign immunity was established in the complaint.

to convert them to constitutional entities, in light of the fact that Amendment 33 to the Arkansas Constitution states that boards and commissions charged with the management or control of all charitable, penal, or correctional institutions or institutions of *higher* learning cannot be abolished unless the institution is abolished or consolidated with another institution. Ark. Const. amend. 33, § 2. School boards of directors are not included in this group. Also, when we read article 14, section 3(c)(1) harmoniously with article 14, section 4, we conclude that whatever individual or entity the legislature allows to be placed in the stead of a school board of directors can perform the tasks required under subsection 3(c)(1). Therefore, there is no showing from the facts pled in the complaint that section 6-15-430 is unconstitutional, to establish an exception to sovereign immunity.

Appellees further alleged in the complaint that the actions of the State Board were arbitrary, capricious, in bad faith, and will cause wanton injury. They allege instances in which the State Board did not take over districts with schools in academic distress as well as instances they assert demonstrate that the state's assumption of control over a district was not beneficial to that district. As recited by the trial court in its order, the complaint also alleged the following with regard to the State Board's decision being arbitrary, capricious, in bad faith, and wantonly injurious: (1) the standards established under Arkansas law do not allow the State Board to take control of a school district that is not in academic distress when that action is not necessary to remedy schools in academic distress; (2) there are no established criteria for taking over a district in which the great majority of the schools are not in academic distress, and it has never been done before; (3) ADE staff has said that the District is implementing the

9

right kinds of innovations in the six schools with a sense of urgency; (4) the fact that the decision was arbitrary, capricious, and wanton is evidenced by the decision to retain the superintendent; and (5) it does not appear that the ADE has developed any plan that would significantly change the improvement efforts currently underway in the six schools.

Most of the allegations recited above are not factual; they are instead largely legal conclusions and speculation. "We treat only the *facts* alleged in a complaint as true for purposes of a motion to dismiss but not a party's theories, speculation, or statutory interpretation." *Sanford v. Walther*, 2015 Ark. 285, at 3, 467 S.W.3d 139 (emphasis added). To the extent the assertions contain actual allegations of fact, those allegations are not sufficient to establish that the State Board acted arbitrarily, capriciously, in bad faith, or in a wantonly injurious manner. Essentially, appellees pled that the decision of the State Board was arbitrary, capricious, in bad faith, and wantonly injurious because it was not necessary for the State Board to take the action it chose, given the number of different options available under the applicable statute. In *Fitzgiven*, 2013 Ark. 346, 429 S.W.3d 234, the plaintiffs alleged in their complaints that actions taken by the ADE in the process of assuming control of a school district in fiscal distress were arbitrary, capricious, and in bad faith because that agency could have taken other, less extreme actions. The plaintiffs, in effect, pled, as appellees did here, that the actions of the ADE fell within the exception to sovereign immunity because they were unnecessary. This court held that the allegations did not establish a sovereign-immunity exception. Here, we likewise hold that appellees failed to establish in their complaint that the State Board acted arbitrarily, capriciously, in bad faith, or in a wantonly

injurious manner in assuming control of the District.

Reversed and dismissed.

HART, J., concurs.

I agree that this case must be reversed, but I write separately to state my rationale for rejecting the appellees' argument that appellants' action in taking control of the Little Rock School District was arbitrary and capricious. In my view, the general assembly has, through Arkansas Code Annotated section 6-15-428 (Repl. 2013), clearly stated that such a challenge must first be appealed to the State Board of Education, and then, if necessary, to the Pulaski County Circuit Court under the Arkansas Administrative Procedure Act, Arkansas Code Annotated sections 25-15-201 et seq. It is not disputed that the Little Rock School District failed to avail itself of this avenue for challenging the appellees' actions. Accordingly, this argument should be barred for failure to exhaust the administrative and legal remedies specified by statute.

*Lori Freno*, *Jeremy Lasiter*, and *Kendra Clay*, Arkansas Department of Education, for appellant.

*Willard Proctor, Jr.*, *Marion A. Humphrey*, and *Rickey Hicks*, for appellees.