2011 Ark. 47

**ARKANSAS GAME AND FISH COMMISSION, Appellant**

v.

**Ben EDDINGS, Appellee.**

No. 10–567.

Supreme Court of Arkansas.

Feb. 9, 2011.

James F. Goodhart, Little Rock, Robert K. Jackson, and John P. Marks, Ark. Game & Fish Comm'n, for appellant.

Ethredge & Copeland, P.A., Mountain Home, by: David L. Ethredge and Johnnie Abbott Copeland, for appellee.

ROBERT L. BROWN, Justice.

Appellee Ben Eddings owns approximately forty acres of land near the Buffalo River National Park in Newton County. His tract is landlocked by public property. Two sides of his land are bordered by the Gene Rush Wildlife Management Area (WMA), which is owned by appellant Arkansas Game and Fish Commission (AGFC). The other two sides are bordered by property owned by the United States and, specifically, by the National Park Service.

On April 20, 2005, Eddings filed a petition for establishment of a road in Newton County Court across the WMA under the procedure set out in the Arkansas Transportation Code at Arkansas Code Annotated sections 27–66–401 to –404. On May 17, 2005, AGFC answered and moved to dismiss the petition, raising two arguments: (1) the doctrine of sovereign immunity precluded the county court from exercising jurisdiction under article 5, section 20 of the Arkansas Constitution, and (2) the petition failed to join the United States as a necessary party, as required by Arkansas Rule of Civil Procedure 19. Eddings responded and contended that the county court had original and exclusive jurisdiction over county roads under the Arkansas Constitution and that the affirmative defense of sovereign immunity raised by AGFC must yield to the county court's authority. He also disputed that the United States was a necessary party and contended that he was required to join

only those landowners who denied him access for the specific road requested. On November 9, 2005, the county court entered an order, finding that the issues raised by AGFC in its motion to dismiss were not raised in a timely manner and were waived.[1] Additionally, the county court concluded that the points raised in the motion to dismiss were without merit.

AGFC filed a petition for appellate review in the circuit court, challenging the finding that AGFC was in default and once again asserting it was immune from suit and that Eddings failed to join a necessary party. On January 9, 2006, the county court entered a second order, finding that it had subject-matter and personal jurisdiction in the matter, ordering that Eddings be given the right of ingress and egress over AGFC land, and assessing damages in the amount of $1500 against Eddings. AGFC filed a notice of appeal from this January 9, 2006 order to the circuit court. AGFC filed a motion to consolidate the two appeals in circuit court, which was granted.

After the two county-court cases were consolidated into one appeal, AGFC moved for ₃summary judgment and again contended that it was immune from suit due to sovereign immunity under the Arkansas Constitution and that joinder of the United States was necessary for a just adjudication under Rule 19. On April 12, 2010, the circuit court entered an order finding that article 7, section 28 of the Arkansas Constitution, which grants exclusive original jurisdiction in all matters relating to county roads to county courts, was a more specific provision in the constitution that trumped the general grant of sovereign immunity to the State. The circuit court further concluded that the United States was not a necessary party to this action and denied AGFC's motion for summary judgment.

AGFC now advances the same two points for reversal to this court. First, AGFC claims that it is indeed entitled to the protection of sovereign immunity. Second, it urges that the United States is a necessary party to this action under Rule 19. As a general matter, this court does not review the denial of a motion for summary judgment because it is considered an interlocutory appeal. *See, e.g., Malone & Hyde, Inc. v. West & Co. of La., Inc.,* 300 Ark. 435, 780 S.W.2d 13 (1989). There is an exception to this principle when the motion for summary judgment is based on the defense of sovereign immunity. Ark. R.App. P.—Civ. 2(a)(10) (2010). The rationale for this exception is that the right to immunity from suit is effectively lost if the case is permitted to go to trial without review. *Ark. Dept. of Envtl. Quality v. Oil Producers of Ark.,* 2009 Ark. 297, at 3 n. 1, 318 S.W.3d 570, 572 n. 3. The standard of review for an order denying a motion for summary judgment is whether the trial court abused its discretion in denying the motion. *Ozarks Unlimited Res. Coop., Inc. v. Daniels,* 333 Ark. 214, ₄221, 969 S.W.2d 169, 172 (1998).

The first issue in this case is whether AGFC is entitled to sovereign immunity from a suit to establish a county road across its land. The Arkansas Constitution provides that "[t]he State of Arkansas shall never be made defendant in any of her courts." Ark. Const. art. 5, § 20. We have said that sovereign immunity is jurisdictional immunity from suit, and jurisdiction must be determined entirely from the pleadings. *LandsnPulaski, LLC v. Ark. Dept. of Corr.,* 372 Ark. 40, 42, 269 S.W.3d 793, 795 (2007). In determining whether the doctrine of sover-

---

1. Eddings does not pursue the AGFC default    as part of this appeal.

eign immunity applies, this court must decide if a judgment for Eddings will operate to control the action of the State or subject it to liability. *Id.,* 269 S.W.3d at 795. If so, the suit is one against the State and is barred by the sovereign-immunity doctrine. *Id.,* 269 S.W.3d at 795. This court has extended the doctrine of sovereign immunity to include state agencies. *See Fireman's Ins. Co. v. Ark. State Claims Comm'n,* 301 Ark. 451, 455, 784 S.W.2d 771, 773 (1990) ("[W]here a suit is brought against an agency of the state with relation to some matter in which the defendant represents the state in action and liability, and the state, though not a party of record, is the real party in interest so that a judgment for plaintiff would operate to control the action of the state or to subject the state to liability, the action is, in effect, one against the state and prohibited by the constitutional bar.").

Eddings's suit seeks to establish an easement over land owned by AGFC. AGFC owns the WMA in its capacity as a representative of the State. The proposed easement will divest the State, via AGFC, of the sole right to occupy the property at issue. Eddings's action, without question, seeks to control the action of the State. It is clear that AGFC is entitled to assert the defense of sovereign immunity under these circumstances.

■ The circuit court, nevertheless, decided that irrespective of AGFC's immunity, that immunity yielded to the jurisdiction of the county court over roads. Article 7, section 28 grants exclusive and original jurisdiction to county courts "in all matters relating to county ... roads." This constitutional provision by itself, however, does not grant the power of eminent domain to the county court to establish roads. The power of eminent do-

main must be clearly expressed. *See City of Little Rock v. Raines,* 241 Ark. 1071, 411 S.W.2d 486 (1967).

Throughout the years, this court has construed article 7, section 28 of the Arkansas Constitution together with Arkansas Code Annotated sections 27–66–401 to –404 as giving the county court the power of eminent domain to allow access to landlocked tracts. *Yates v. Sturgis,* 311 Ark. 618, 621, 846 S.W.2d 633, 634 (1993). In *Yates,* this court recognized that section 27–66–401 was enacted as implementing legislation for article 7, section 28. Moreover, it is sections 27–66–401 to –404 of the Transportation Code that set out the clear expression of the General Assembly to delegate the power of eminent domain to county courts for the purpose of establishing roads to access landlocked tracts. *See id.*

■ When a grant of eminent domain is based in whole or in part on a legislative act, it must yield to the State's constitutional sovereign immunity unless a contrary intent is expressed by the legislature. *See, e.g., Gravett v. Villines,* 314 Ark. 320, 326, 862 S.W.2d 260, 263 (1993) ("It is a well established legal principle that constitutional provisions, including amendments, take precedence over any law passed by the legislature."). If the county court cannot exercise the power of eminent domain to establish roads to access landlocked parcels under the constitution without the implementing legislation of Arkansas Code Annotated sections 27–66–401 to –404, then it cannot be said that article 7, section 28 of the constitution alone is sufficient to overcome the State's sovereign immunity.

There are exceptions to the State's sovereign immunity.[2] In its order denying

---

**2.** This court has recognized three ways in which a claim of sovereign immunity may be

AGFC's motion for summary judgment, the circuit court recognized one of these exceptions to the doctrine and that is when agencies are acting illegally or causing irreparable harm. The circuit court, after noting this exception, did not actually find that AGFC was acting illegally. Rather, after Eddings had laid out his case for illegality, the circuit court said in its order: "*If Eddings is correct*, [AGFC] is acting illegally in violation of the Arkansas Constitution and causing irreparable harm. Therefore, [AGFC] cannot assert the doctrine of sovereign immunity as a prohibition to this action." (Emphasis added.)

The circuit court based this conclusion of potential illegality on Eddings's argument that AGFC had "taken" his land by refusing access in violation of article 2, section 22 of the Arkansas Constitution, which provides: "The right of property is before and higher than any constitutional sanction; and private property shall not be taken, appropriated or damaged for public use, without just compensation therefor." Ark. Const. art. 2, § 22. Eddings, though, did not plead as part of his petition to establish a road that AGFC was taking his property by withholding access in violation of the takings clause of the constitution. Furthermore, until this opinion today, Eddings has not been denied a road over AGFC land and whether AGFC's actions in thwarting his road are illegal has not been decided by the circuit court. Nor has it been decided that Eddings had a properly right in a road over AGFC land. Based on its proviso in its order, "[i]f Eddings is correct," the circuit court merely speculates on these points at this juncture.

We hold that article 7, section 28, which grants exclusive original jurisdiction in the county courts over roads, is not self-executing with regard to the power of eminent domain to establish roads over landlocked properly. *See Yates*, 311 Ark. 618, 846 S.W.2d 633. The implementing authority for road establishment is found in the acts of the General Assembly as set out at Arkansas Code Annotated sections 27–66–401 to –404. We further hold that this constitutional authority giving original jurisdiction over roads to the county courts does not vitiate or impair the State's sovereign immunity, as found at article 5, section 20 of the constitution.

Because there has been no finding by the circuit court of illegality on the part of AGFC and no proof that any other exception to the sovereign-immunity doctrine applies in this case, we reverse the circuit court's grant of summary judgment to Eddings and direct the court to dismiss this case without prejudice based on sovereign immunity. Because we decide this appeal on the issue of sovereign immunity, there is no need for this court to address the issue of joining the National Park Service as a necessary party.

Reversed and remanded.

---

surmounted: (1) where the State is the moving party seeking specific relief; (2) where an act of the legislature has created a specific waiver of sovereign immunity; and (3) where the state agency is acting illegally or if a state agency officer refuses to do a purely ministerial action required by statute. · *See Short v. Westark Cmty. Coll.*, 347 Ark. 497, 504, 65 S.W.3d 440, 445 (2002); *LandsnPulaski*, 372 Ark. at 43, 269 S.W.3d at 795.