RHONDA K. WOOD, Associate Justice
Appellant Arkansas Department of Veterans Affairs (ADVA) appeals the circuit court's denial of its motion to dismiss based on sovereign immunity. We reverse and dismiss.
Appellees, Diane Mallett and Joseph Fabits, are two former employees of ADVA. In February 2014, Mallett, Fabits, and several others filed a class-action complaint alleging that ADVA failed to compensate them for working overtime in violation of the Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. §§ 11-4-201 et seq. (Repl. 2012). They allege they frequently worked through their lunch breaks and had to work off-the-clock to complete their job duties; and therefore, they are *352 entitled to overtime wages. ADVA filed its answer in March 2014. The circuit court granted class certification, but we reversed and remanded with instructions to decertify the class in Arkansas Department of Veterans Affairs v. Mallett , 2015 Ark. 428, 474 S.W.3d 861.
Almost two years after remand, ADVA filed a motion to dismiss arguing that AMWA's abrogation of sovereign immunity violates article 5, section 20 of the Arkansas Constitution. The circuit court denied the motion to dismiss, and ADVA appealed. We have appellate jurisdiction pursuant to Rule 2(a)(10) of the Arkansas Rules of Appellate Procedure-Civil.
ADVA advanced the same argument in its motion to dismiss the AMWA[1] claim as presented in Bd. of Trs. of Univ. of Ark. v. Andrews , 2018 Ark. 12, 535 S.W.3d 616. As in Andrews , the circuit court denied the motion to dismiss. ADVA now argues Andrews controls. We agree. Andrews controls. In Andrews , we held that the provision of the AMWA that allows the State to be named as a defendant is repugnant to article 5, section 20 of the Arkansas Constitution.[2] While the parties ask us to further analyze Walther v. FLIS Enterprises, Inc. 2018 Ark. 64, 540 S.W.3d 264, this is not the case for us to do so. In Andrews we struck the provision of the AMWA that provided that this action could be brought against the state. We therefore reverse the circuit court's denial of ADVA's motion to dismiss on sovereign immunity. As we stated in Andrews , the avenue for financial redress is through the Claims Commission. Andrews , 2018 Ark. 12, at 12, 535 S.W.3d at 623.
Reversed and dismissed.
Kemp, C.J., concurs.
Baker, Goodson and Hart, JJ., dissent.

AMWA provides that "[a]n employee may bring an action for equitable and monetary relief against an employer, including the State of Arkansas or a political subdivision of the state, if the employer pays the employee less than the minimum wages, including overtime wages, to which the employee is entitled under or by virtue of this subchapter." Ark. Code Ann. § 11-4-218(e)(1).

We caution that Andrews should not be interpreted too broadly. The holding that the legislature may "never" authorize the state to be sued was in the application of the constitutional provision to a statutory act, AMWA, for monetary relief. Since Andrews , this court has not had the occasion to consider other actions against the state such as allegations that state actors are acting outside their constitutional duties, whether acting in a manner that is ultra vires, arbitrary, capricious, in bad faith, or refusing to perform ministerial duties.