Cite as 2019 Ark. 226

# SUPREME COURT OF ARKANSAS

No. CV-18-136

|  |  |
|---|---|
| ARKANSAS GAME AND FISH COMMISSION AND JEFF CROW, AS DIRECTOR OF THE ARKANSAS GAME AND FISH COMMISSION<br><br>APPELLANTS<br><br>V.<br><br>GREG HESLEP AND KEITH HESLEP<br>APPELLEES | Opinion Delivered: June 20, 2019<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SECOND DIVISION<br>[NO. 60CV-17-6603]<br><br>HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE<br><br><u>AFFIRMED IN PART; REVERSED IN PART AND REMANDED</u>. |

**ROBIN F. WYNNE, Associate Justice**

The Arkansas Game & Fish Commission (AGFC) and Jeff Crow, as director of AGFC (collectively referred to as "AGFC"),[1] appeal from an order of the Pulaski County Circuit Court denying their motion to dismiss appellees' complaint. AGFC raises the following points on appeal: (1) Does the sovereign immunity of the State and its agencies under article 5, section 20 of the Arkansas Constitution bar the Hesleps' civil action against AGFC and Director Crow in his official capacity? and (2) Did the circuit court err when it, without hearing evidence, stating reasons in its order, or requiring security, granted the Hesleps a temporary injunction and required AGFC to provide them with a

---

[1]The circuit court granted a motion to dismiss Jeff Crow in his individual capacity.

key to the locked gate across the road on AGFC property pending appeal?[2]   In this interlocutory appeal, this court has jurisdiction under Arkansas Rule of Appellate Procedure–Civ. 2(a)(10) (an order denying a motion to dismiss based on the defense of sovereign immunity or the immunity of a government official is an appealable order) and 2(a)(6) (an interlocutory order by which an injunction is granted is an appealable order). We affirm the denial of the motion to dismiss on sovereign-immunity grounds, reverse the grant of the temporary injunction, and remand for further proceedings consistent with this opinion.

Appellees Greg Heslep and Keith Heslep own 260 acres in White County, which they use primarily for hunting.  A major portion of the property adjoins the White River. The Hesleps' only access to their property is an unpaved road that crosses AGFC property. In 2015, AGFC installed a locked gate over the road after someone had done work on the road and allegedly damaged plants and trees.  After that, AGFC allowed use of the road only if the person signed its Land Use Permit Agreement (LUPA).  The Hesleps allege that the LUPA is unconscionable and against public policy in that it includes a precondition

---

[2]This court previously granted the Hesleps' motion to dismiss the following point on appeal:  "Can the Pulaski County Circuit Court proceed to determine whether to declare that a road on AGFC property in White County is a county road or, alternatively, is subject to prescriptive easement in favor of the Hesleps or the public?" along with its subpoints concerning proper venue and whether White County is a necessary party.  Those arguments are not properly before this court on interlocutory appeal under Ark. R. App. P.–Civ. 2(a).

waiver of constitutional rights, including the right of notice, cause, and hearing in the event of a dispute.[3]

In November 2017,[4] the Hesleps filed a complaint in the Pulaski County Circuit Court alleging that AGFC had blocked their only access to their property—a road that had been used by surrounding landowners and their lessees, as well as the general public, since approximately 1936. The road commences from the end of Highway 36 in Georgetown and traverses north across AGFC's land.[5] According to the Hesleps, they purchased their property in 2004 in reliance on the road and its status as a county or public road, and AGFC, which obtained title to its property in the 1950s, continued to allow public use of the road until 2015. The Hesleps further state in their complaint that, prior to 2015, they had maintained the road, adding gravel as needed, without objection or contribution by AGFC.

In their complaint, the Hesleps seek a determination by the circuit court of the legal status of the road and seek enforcement through injunctive relief. The Hesleps allege that the road is a county or public road; alternatively, they allege that the long-time open use of the road has ripened into a prescriptive easement that preceded AGFC's interest in the

---

[3]The Hesleps entered into a temporary agreement for the 2015–2016 hunting season, but no such agreement exists now.

[4]Prior litigation in the White County Circuit Court had been removed to federal court and ultimately dismissed without prejudice.

[5]The AGFC property at issue is part of the Henry Gray Hurricane Lake Wildlife Management Area (the "WMA").

land. The Hesleps further allege that AGFC's actions are ultra vires under amendment 35 to the Arkansas Constitution; that AGFC's demand for its LUPA violates its powers under amendment 35; and that AGFC's actions in depriving the Hesleps the use of their property constitutes a violation of the Fifth Amendment. The Hesleps state that sovereign immunity does not bar their complaint because they seek injunctive and equitable relief for actions that are illegal, ultra vires, and done in bad faith, arbitrarily, and capriciously. In their prayer for relief, the Hesleps asked the circuit court to:

a. Find the Road at issue is a public road and has been a public road binding upon all servient estates, particularly AGFC's, since at least the 1930s;

b. Issue a permanent injunction against AGFC from hindering and interfering with Plaintiffs' use of the Road for access;

c. Allow Plaintiffs or others who rely on this access to perform maintenance and repair without damaging AGFC lands;

d. Declare AGFC's actions in this case of blocking access and making unreasonable demands to Plaintiffs as violating its authority under Amendment 35;

e. Declare the Land Use Permit Agreement unnecessary and outside the scope of AGFC's powers in Amendment 35 because it contains provisions that are unnecessary, unconscionable and against public policy;

f. Find AGFC's actions constitute a temporary or complete taking without due . . . process and without compensation; and

g. For all other relief this Court deems necessary and proper.

The Hesleps also filed a motion for immediate temporary injunction and brief in support.

In response, AGFC filed a motion to dismiss as well as a memorandum in opposition to the Hesleps' request for preliminary injunction. AGFC advanced multiple bases for dismissal, including that AGFC has sovereign immunity under article 5, section

4

20 of the Arkansas Constitution. The Hesleps filed their brief in opposition to the motions to dismiss, and on December 19, 2017, the circuit court held a hearing on the pending motions. After hearing the arguments of counsel, the circuit court ruled from the bench and subsequently entered its written order granting dismissal of Director Crow individually, denying dismissal of AGFC and Director Crow in his official capacity, and granting the Hesleps a temporary injunction. The order stated that the circuit court, "after considering the pleadings and motions and hearing arguments of counsel but taking no testimony nor admitting evidence, finds" that AGFC is not entitled to sovereign immunity and that the complaint states sufficient facts upon which relief can be granted. Additionally, the circuit court ordered AGFC to "immediately provide a key to the locked gate" on the WMA road and "allow [the Hesleps] vehicular access using the road (including the recently-established alternate route as depicted in Exhibit 5 to [their] Complaint) for the purpose of accessing their property located north of the WMA." AGFC's timely interlocutory appeal followed.

I. *Motion to Dismiss—Sovereign Immunity*

Under its first point on appeal, AGFC argues that the sovereign immunity of the State and its agencies under article 5, section 20 of the Arkansas Constitution bars the Hesleps' suit. The Arkansas Constitution provides that "[t]he State of Arkansas shall never be made defendant in any of her courts." Ark. Const. art. 5, § 20. This court has extended the doctrine of sovereign immunity to include state agencies such as the Arkansas Game & Fish Commission. *See Ark. Game & Fish Comm'n v. Eddings*, 2011 Ark. 47, at 4, 378 S.W.3d

5

694, 697. Generally, a suit against the State is barred by the sovereign-immunity doctrine if a judgment for the plaintiff will operate to control the action of the State or subject the State to liability. *Ark. State Med. Bd. v. Byers*, 2017 Ark. 213, at 3, 521 S.W.3d 459, 462. There are, however, exceptions to that rule. *Id.* This court has held that a suit against the agency or officer is not prohibited if the state agency is acting illegally and that a state agency or officer may be enjoined from acting arbitrarily, capriciously, in bad faith, or in a wantonly injurious manner. *See id.*

Regarding our standard of review, this court has stated that we apply the abuse-of-discretion standard of review. *Ark. Lottery Comm'n v. Alpha Mktg.*, 2013 Ark. 232, at 6, 428 S.W.3d 415, 419. On reviewing the denial of the motion to dismiss on sovereign-immunity grounds, we look to the pleadings, treating the facts alleged in the complaint as true and viewing them in the light most favorable to the party who filed the complaint. *Id.*; *Williams v. McCoy*, 2018 Ark. 17, at 3, 535 S.W.3d 266, 268. For purposes of a motion to dismiss, we treat only the facts alleged in a complaint as true, but not a party's theories, speculation, or statutory interpretation. *Fitzgiven v. Dorey*, 2013 Ark. 346, at 14, 429 S.W.3d 234, 242.

Turning now to the arguments on appeal, AGFC is correct that sovereign immunity would bar any claim for monetary damages. *See Travelers Cas. & Sur. Co. of Am. v. Ark. State Highway Comm'n*, 353 Ark. 721, 727, 120 S.W.3d 50, 53 (2003) (holding that sovereign immunity bars an action which will "tap into the State's treasury" for payment of damages); *Ark. State Police Ret. Sys. v. Sligh*, 2017 Ark. 109, 516 S.W.3d 241. AGFC points to Count

6

IV of the complaint, which alleges that AGFC had effected a taking without just compensation in violation of the Fifth Amendment to the United States Constitution and article 2, section 22 of the Arkansas Constitution. While Count IV of the complaint does state that "AGFC should compensate Plaintiffs accordingly," the prayer for relief does not include a request for monetary damages, and the Hesleps state in their brief that they are not seeking monetary damages. There is simply no support for the argument that AGFC will suffer monetary damages where none have been requested. Accordingly, there is no basis for the State's assertion of sovereign immunity based on the fact that a plaintiff cannot seek monetary damages from the State.

Next, AGFC argues that sovereign immunity bars the Hesleps' claims for injunctive relief because they attempt to control its actions by restricting its ability to manage this WMA and others. AGFC attempts to make a distinction between issuing an injunction to stop a *pending* action of an agency that is ultra vires and issuing an injunction to correct an action that has already occurred. It cites *Arkansas State Game & Fish Comm'n v. Eubank*, 256 Ark. 930, 931, 512 S.W.2d 540, 541, (1974), in which this court stated that "[a] state agency may be enjoined in a suit in equity if it can be shown the pending action of the agency is ultra vires or without the authority of the agency." *Eubank* concerned a proposed action by AGFC, and we do not read the case to stand for the proposition that *only* pending ultra vires actions may be the subject of injunctive relief against the State. The Hesleps respond that their request for injunctive relief does not seek to control the legal actions of AGFC. They do not seek to control the manner in which the road is used or

maintained and, in fact, expressly recognize AGFC's regulatory authority over its property. Rather, they seek to enjoin only the (allegedly) illegal actions of AGFC in blocking their access to their property and accept reasonable restrictions on their use of the road. This is a continuing deprivation, not a one-time taking or one-time action by the State that was addressed in *Eubank*. On this record, we reject AGFC's argument that sovereign immunity bars the Hesleps' claims for injunctive relief because they attempt to control its actions.

AGFC next argues that sovereign immunity bars the Hesleps' claims for declaratory relief. AGFC argues that declaring an easement over the WMA road and enjoining AGFC from restricting its use would operate to control the actions of the State by divesting AGFC of its fundamental property rights. As noted above, this argument is undercut by the allegations in the complaint. The Hesleps assert that they already have a legal right of access, and a declaration that AGFC exceeded its constitutional authority is not barred by sovereign immunity.

Having determined that the Hesleps' claims for injunctive and declaratory relief are not necessarily barred by the doctrine of sovereign immunity, the only issue remaining is whether sufficient facts were pled to support an exception to sovereign immunity in this case. As noted above, this court has held that a suit is not prohibited by sovereign immunity if the state agency is acting illegally or in an ultra vires manner, and that a state agency or officer may be enjoined from acting arbitrarily, capriciously, in bad faith, or in a wantonly injurious manner. Amendment 35 to the Arkansas Constitution vests in AGFC the "control, management, restoration, conservation and regulation" of the wildlife

8

resources of the State, including WMAs and other AGFC properties used for those purposes. *See* Ark. Const. amend. 35, § 1. In addressing the authority of AGFC under amendment 35, this court has written that "the Commission cannot use its authority to deny the constitutional rights of others." *Ark. Game & Fish Comm'n v. Lindsey*, 299 Ark. 249, 251, 771 S.W.2d 769, 770 (1989). Even accepting as true AGFC's argument that the Hesleps failed to plead sufficient facts to support a finding that the road in question is a county road, we cannot say the same for the alternative claim regarding a prescriptive easement. *See Owners Ass'n of Foxcroft Woods, Inc. v. Foxglen Assocs.*, 346 Ark. 354, 363, 57 S.W.3d 187, 193 (2001) (stating that it is generally required that one asserting an easement by prescription show by a preponderance of the evidence that one's use has been adverse to the true owner and under a claim of right for the statutory period of seven years).

In *Arkansas Game & Fish Commission v. Eddings*, 2011 Ark. 47, 378 S.W.3d 694, this court held that AGFC was entitled to sovereign immunity from a property owner's suit to establish a county road across land owned by AGFC. AGFC contends that *Eddings* is similar enough to the present case that it should control. However, in *Eddings*, the issue on appeal was whether the State's sovereign immunity must yield to the constitutional authority of county courts over roads. Unlike in the present case, the plaintiff in *Eddings* had not pled as part of his petition to establish a road that AGFC was taking his property by withholding access in violation of the constitution. Here, the Hesleps did plead illegality and they do not seek to establish a new easement; rather, they seek to stop the illegal blocking of a long-established easement.

The essence of the Hesleps' claims is that AGFC illegally blocked their access to the road that is their only access to their property. If taken as true, as we must at the motion-to-dismiss stage, the complaint alleges that AGFC acted illegally or in an ultra vires manner and is therefore not subject to dismissal under the doctrine of sovereign immunity. Thus, we affirm on this point.

## II. *Temporary Injunction*

AGFC also argues that the circuit court erred when it granted the Hesleps a temporary injunction and required AGFC to provide them with a key to the locked gate across the road on AGFC property pending this interlocutory appeal. In determining whether to issue a preliminary injunction pursuant to Ark. R. Civ. P. 65, the circuit court must consider two things: (1) whether irreparable harm will result in the absence of an injunction or restraining order and (2) whether the moving party has demonstrated a likelihood of success on the merits. *Baptist Health v. Murphy*, 365 Ark. 115, 226 S.W.3d 800 (2006). This court reviews the grant of a preliminary injunction under an abuse-of-discretion standard. *Id.* When an appeal reaches a court via an order granting a preliminary injunction, the appellate court will not delve into the merits of the case further than is necessary to determine whether the circuit court exceeded its discretion in granting the injunction. *Id.* The sole question before the appellate court is whether the circuit court "departed from the rules and principles of equity in making the order," and not whether the appellate court would have made the order. *Id.* at 121–22, 226 S.W.3d at 806–07.

After "taking no testimony nor admitting evidence," the circuit court entered the following order granting the temporary injunction:

5. Defendant AGFC is ordered to immediately provide a key to the locked gate installed across the road located on the Commission-owned Henry Gray Hurricane Lake Wildlife Management Area and to allow Plaintiffs vehicular access using the road (including the recently-established alternate route as depicted in Exhibit 5 to Plaintiffs' Complaint) for the purpose of accessing their property located north of the WMA. This injunction shall remain in effect during the pendency of AGFC's interlocutory appeal and until further order of the Court.

6. No party is required to post bond.

AGFC argues that this court should dissolve the temporary injunction for the following three reasons: (1) the order includes no reasons and no findings as to the basis for the injunction as required by Rule 65(d); (2) without any explanation for the departure from Rule 65(c), the circuit court failed to require that the Hesleps give security for the injunction; and (3) principles of equity heavily weighed against the court's issuing an injunction. In response, the Hesleps argue that AGFC waived their arguments by stating at the hearing that they believed no hearing should take place on the motion for preliminary injunction until the sovereign-immunity appeal was complete. They also argue that this was "a band-aid solution" until a full hearing could be held, and that the injunction merely puts the parties where they were before the gate was installed.

We hold that the injunction must be dissolved for failure to comply with Rule 65. Rule 65(d) governs the contents and scope of every injunction and provides in pertinent part that "[e]very order granting an injunction . . . must: (A) state the reasons why it was issued." The order granting an injunction in this case is deficient for failure to state the

11

reasons why it was issued. In addition, the circuit court failed to require that the Hesleps give security for the injunction as required by Rule 65(c). In the absence of an evidentiary hearing and specific findings by the circuit court, we cannot overlook its failure to comply with the requirements of Rule 65. We reverse the grant of the temporary injunction and remand for further proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded.

Special Justice DOUG SCHRANTZ joins in this opinion.

BAKER, J., dissents.

GOODSON, J., not participating.

**KAREN R. BAKER, Justice, dissenting.** I disagree with the majority's decision to affirm the circuit court's denial of the Hesleps' motion to dismiss on sovereign-immunity grounds. Accordingly, I must dissent for the reasons stated in my dissent in *Board of Trustees of University of Arkansas v. Andrews*, 2018 Ark. 12, 535 S.W.3d 616, and its progeny. In the present case, the majority states that "a suit against the State is barred by the sovereign-immunity doctrine if a judgment for the plaintiff will operate to control the action of the State or subject the State to liability. *See Ark. State Med. Bd. v. Byers*, 2017 Ark. 213, at 3, 521 S.W.3d 459, 462. There are, however, exceptions to that rule. *Id.* This court has held that a suit against the agency or officer is not prohibited if the state agency is acting illegally and that a state agency or officer may be enjoined from acting arbitrarily, capriciously, in bad faith, or in a wantonly injurious manner. *See id.*" However, I must first point out that *Byers* was decided prior to *Andrews*. As I explained in my *Andrews*

12

dissent, "in a perfunctory fashion, [the majority] overhaul[ed] over twenty years of our well-established law on sovereign immunity and has effectively revived the antiquated doctrine that "the king can do no wrong." *Id.* at 17, 535 S.W.3d at 626 (Baker, J., dissenting).

Second, while I concurred in *Williams v. McCoy*, 2018 Ark. 17, 535 S.W.3d 266, which was handed down on the same day as *Andrews*, even a fortune-teller could not have predicted the state of disarray that would lie in the wake of *Andrews*. *See Walther v. FLIS Enters., Inc.*, 2018 Ark. 64, 540 S.W.3d 264 (sovereign immunity is an affirmative defense and a failure to assert it amounts to a waiver); *Ark. Dep't of Veterans Affairs v. Mallett*, 2018 Ark. 217, 549 S.W.3d 351 (the failure to assert sovereign immunity is of no moment); *Wilson v. Ark. Dep't of Human Servs.*, 2018 Ark. 358, at 5–6, 562 S.W.3d 201, 203–04 (Hart, J., concurring) ("*FLIS* provides that the failure to assert sovereign immunity as an affirmative defense amounts to a waiver of this doctrine, but in [*Mallett*], this court held that the failure to assert sovereign immunity simply does not matter. These cases are at odds on this question, and the majority's decision here to cite *FLIS* as controlling authority only renders our jurisprudence further indiscernible."); *Id.* at 8, 562 S.W.3d at 205 (Wynne, J., dissenting) ("The majority cites [*FLIS*] for the proposition that sovereign immunity is not a matter of subject-matter jurisdiction that may be addressed for the first time on appeal; rather, it is an affirmative defense that must be raised and ruled on at the circuit court level in order to preserve the issue. However, after *FLIS*, this court handed down [*Mallett*] . . . . Over three years into the case, ADVA filed a motion to dismiss and argued for the first time that it was entitled to sovereign immunity. The circuit court

denied the motion, but this court reversed and dismissed. As noted by two dissenting opinions, *Mallett* thus retreated from *FLIS*'s treatment of sovereign immunity as an affirmative defense.").

Third, in *Mallett, supra*, the majority included a footnote cautioning the application of *Andrews*:

> We caution that *Andrews* should not be interpreted too broadly. The holding that the legislature may "never" authorize the state to be sued was in the application of the constitutional provision to a statutory act, AMWA, for monetary relief. Since *Andrews*, this court has not had the occasion to consider other actions against the state such as allegations that state actors are acting outside their constitutional duties, whether acting in a manner that is ultra vires, arbitrary, capricious, in bad faith, or refusing to perform ministerial duties.

2018 Ark. 217, at 2 n.2, 549 S.W.3d at 352 n.2. As I explained in my dissent in *Mallett*, the majority's footnote "conflicts with *Andrews* and illustrates the flaws in *Andrews*." 2018 Ark. 217, at 4, 549 S.W.3d at 353 (Baker, J., dissenting). In a more recent dissent, I noted that *Andrews* did not identify exceptions, exemptions, or the like. Again, the State may never be sued. *Ark. Oil & Gas Comm'n v. Hurd*, 2018 Ark. 397, at 18, 564 S.W.3d 248, 258 (Baker, J., dissenting).

Fourth, article 5, section 20 of the Arkansas Constitution provides that "[t]he State of Arkansas shall never be made defendant in any of her courts." As explained by the majority in *Andrews*, "We interpret the constitutional provision, 'The State of Arkansas shall never be made a defendant in any of her courts,' precisely as it reads." 2018 Ark. 12, at 10, 535 S.W.3d at 622. Further, sovereign immunity is jurisdictional immunity from suit, and jurisdiction must be determined entirely from the pleadings. *Andrews, supra* (citing

14

*LandsnPulaski, LLC v. Ark. Dep't of Corr.*, 372 Ark. 40, 269 S.W.3d 793 (2007); *Clowers v. Lassiter*, 363 Ark. 241, 213 S.W.3d 6 (2005); *Ark. Tech. Univ. v. Link*, 341 Ark. 495, 17 S.W.3d 809 (2000)).

In the present case, the majority holds that "if taken as true, as we must at the motion-to-dismiss stage, the complaint alleges that AGFC acted illegally or in an ultra vires manner and is therefore not subject to dismissal under the doctrine of sovereign immunity." However, based on *Andrews*, because the State may never be sued—there is jurisdictional immunity from suit—the Hesleps' pleadings are inconsequential. Pursuant to *Andrews*, because we interpret the constitution "precisely as it reads," AGFC is immune from suit. Accordingly, I would reverse and dismiss for the reasons set forth above. With regard to the temporary injunction, I agree that it should be dissolved; however, I would reverse the grant of the temporary injunction and dismiss for the reasons set forth above.

*James F. Goodhart* and *John P. Marks*, Arkansas Game and Fish Commission, for appellants.

*McMullan& Brown*, by: *Marian M. McMullan* and *Amy Clemmons Brown*, for appellees.