Karen R. Baker, Justice, dissenting.
I disagree with the majority's decision to affirm the circuit court's denial of the Hesleps' motion to dismiss on sovereign-immunity grounds. Accordingly, I must dissent for the reasons stated in my dissent in Board of Trustees of University of Arkansas v. Andrews , 2018 Ark. 12, 535 S.W.3d 616, and its progeny. In the present case, the majority states that "a suit against the State is barred by the sovereign-immunity doctrine if a judgment for the plaintiff will operate to control the action of the State or subject the State to liability. See Ark. State Med. Bd. v. Byers , 2017 Ark. 213, at 3, 521 S.W.3d 459, 462. There are, however, exceptions to that rule. Id. This court has held that a suit against the agency or officer is not prohibited if the state agency is acting illegally and that a state agency or officer may be enjoined from acting arbitrarily, capriciously, in bad faith, or in a wantonly injurious manner. See id. " However, I must first point out that Byers was decided prior to Andrews. As I explained in my Andrews dissent, "in a perfunctory fashion, [the majority] overhaul[ed] over twenty years of our well-established law on sovereign immunity and has effectively revived the antiquated doctrine that "the king can do no wrong." Id. at 17, 535 S.W.3d at 626 (Baker, J., dissenting).
Second, while I concurred in Williams v. McCoy , 2018 Ark. 17, 535 S.W.3d 266, which was handed down on the same day as Andrews , even a fortune-teller could not have predicted the state of disarray that would lie in the wake of Andrews. See Walther v. FLIS Enters., Inc. , 2018 Ark. 64, 540 S.W.3d 264 (sovereign immunity is an affirmative defense and a failure to assert it amounts to a waiver); Ark. Dep't of Veterans Affairs v. Mallett , 2018 Ark. 217, 549 S.W.3d 351 (the failure to assert sovereign immunity is of no moment); Wilson v. Ark. Dep't of Human Servs. , 2018 Ark. 358, at 5-6, 562 S.W.3d 201, 203-04 (Hart, J., concurring) (" FLIS provides that the failure to assert sovereign immunity as an affirmative defense amounts to a waiver of this doctrine, but in [ Mallett ], this court held that the failure to assert sovereign immunity simply does not matter. These cases are at odds on this question, and the majority's decision here to cite FLIS as controlling authority only renders our jurisprudence further indiscernible."); Id. at 8, 562 S.W.3d at 205 (Wynne, J., dissenting) ("The majority cites [ FLIS ] for the proposition that sovereign immunity is not *9 a matter of subject-matter jurisdiction that may be addressed for the first time on appeal; rather, it is an affirmative defense that must be raised and ruled on at the circuit court level in order to preserve the issue. However, after FLIS , this court handed down [ Mallett ].... Over three years into the case, ADVA filed a motion to dismiss and argued for the first time that it was entitled to sovereign immunity. The circuit court denied the motion, but this court reversed and dismissed. As noted by two dissenting opinions, Mallett thus retreated from FLIS 's treatment of sovereign immunity as an affirmative defense.").
Third, in Mallett , supra , the majority included a footnote cautioning the application of Andrews :
We caution that Andrews should not be interpreted too broadly. The holding that the legislature may "never" authorize the state to be sued was in the application of the constitutional provision to a statutory act, AMWA, for monetary relief. Since Andrews , this court has not had the occasion to consider other actions against the state such as allegations that state actors are acting outside their constitutional duties, whether acting in a manner that is ultra vires, arbitrary, capricious, in bad faith, or refusing to perform ministerial duties.
2018 Ark. 217, at 2 n.2, 549 S.W.3d at 352 n.2. As I explained in my dissent in Mallett , the majority's footnote "conflicts with Andrews and illustrates the flaws in Andrews. " 2018 Ark. 217, at 4, 549 S.W.3d at 353 (Baker, J., dissenting). In a more recent dissent, I noted that Andrews did not identify exceptions, exemptions, or the like. Again, the State may never be sued. Ark. Oil & Gas Comm'n v. Hurd , 2018 Ark. 397, at 18, 564 S.W.3d 248, 258 (Baker, J., dissenting).
Fourth, article 5, section 20 of the Arkansas Constitution provides that "[t]he State of Arkansas shall never be made defendant in any of her courts." As explained by the majority in Andrews , "We interpret the constitutional provision, 'The State of Arkansas shall never be made a defendant in any of her courts,' precisely as it reads." 2018 Ark. 12, at 10, 535 S.W.3d at 622. Further, sovereign immunity is jurisdictional immunity from suit, and jurisdiction must be determined entirely from the pleadings. Andrews , supra (citing LandsnPulaski, LLC v. Ark. Dep't of Corr. , 372 Ark. 40, 269 S.W.3d 793 (2007) ; Clowers v. Lassiter , 363 Ark. 241, 213 S.W.3d 6 (2005) ; Ark. Tech. Univ. v. Link , 341 Ark. 495, 17 S.W.3d 809 (2000) ).
In the present case, the majority holds that "if taken as true, as we must at the motion-to-dismiss stage, the complaint alleges that AGFC acted illegally or in an ultra vires manner and is therefore not subject to dismissal under the doctrine of sovereign immunity." However, based on Andrews , because the State may never be sued-there is jurisdictional immunity from suit-the Hesleps' pleadings are inconsequential. Pursuant to Andrews , because we interpret the constitution "precisely as it reads," AGFC is immune from suit. Accordingly, I would reverse and dismiss for the reasons set forth above. With regard to the temporary injunction, I agree that it should be dissolved; however, I would reverse the grant of the temporary injunction and dismiss for the reasons set forth above.