Cite as 2020 Ark. 30

# SUPREME COURT OF ARKANSAS

No. CV-19-256

| | |
|---|---|
| ARKANSAS DEPARTMENT OF HUMAN SERVICES | Opinion Delivered: January 23, 2020 |
| APPELLANT | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72CV-18-1170] |
| V. | |
| JUSTIN AND MARSHA HARRIS, PERSONALLY, AND JUSTIN AND MARSHA HARRIS, AS GUARDIANS ON BEHALF OF THEIR MINOR CHILDREN, E.H., I.H., AND C.H. | HONORABLE JOHN THREET, JUDGE |
| | REVERSED AND DISMISSED. |
| APPELLEES | |

**ROBIN F. WYNNE, Associate Justice**

The Arkansas Department of Human Services (DHS) has filed an interlocutory appeal from an order of the Washington County Circuit Court denying its motion to dismiss Justin and Marsha Harris's amended complaint. For reversal, DHS argues that the complaint is barred by sovereign immunity. We have jurisdiction under Rule 2(a)(10) of the Arkansas Rules of Appellate Procedure–Civil. We reverse and dismiss.

On April 29, 2015, a DHS investigator entered Shiloh Christian School, a private school in Springdale, to interview the three minor children of Justin and Marsha Harris in the course of a child-maltreatment investigation. DHS entered the school pursuant to an order of investigation entered by the circuit court directing that "[t]he publicly supported school facility, institution, or other place where the juvenile shall be located is ordered to

allow entrance." The affidavit attached to DHS's petition for the order stated that an order was necessary "to insure cooperation by the private school." The petition itself did not identify the private school, but requested that the Harrises "permit a full investigation of this report, including, access to the children at [left blank] for interviews."

Justin and Marsha Harris filed their original complaint under the Arkansas Civil Rights Act (ACRA) in April 2018 against DHS, seeking damages and an award of attorney's fees, costs, and expenses. After DHS moved to dismiss, the Harrises filed an amended complaint, again seeking monetary damages against DHS for violations of ACRA. The Harrises alleged, individually and on behalf of their three minor children, that the entrance of a DHS investigator and law enforcement into their children's private school for the purpose of investigating possible child maltreatment violated state law and the state and federal constitutions. They alleged that DHS exceeded the scope of the order of investigation because the order did not permit DHS to interview the children at a private school. They also alleged that DHS violated the Fourth Amendment rights of themselves and their children. The amended complaint sought no injunctive or declaratory relief. DHS again moved to dismiss, asserting sovereign immunity among other defenses. The circuit court denied DHS's motion to dismiss on all grounds raised in the motion, including sovereign immunity. This interlocutory appeal followed.

In reviewing the denial of the motion to dismiss on sovereign-immunity grounds, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Ark. Game & Fish Comm'n v. Heslep*, 2019 Ark. 226, at 6, 577 S.W.3d 1, 5.

2

We treat only the facts alleged in a complaint as true, but not a party's theories, speculation, or statutory interpretation. *Id.* Whether a party is immune from suit is purely a question of law and is reviewed de novo. *Milligan v. Singer*, 2019 Ark. 177, at 3, 574 S.W.3d 653, 655.

DHS argues that sovereign immunity bars the Harrises' claims. Article 5, section 20 of the Arkansas Constitution provides that "[t]he State of Arkansas shall never be made defendant in any of her courts." A suit against the state is barred by the doctrine of sovereign immunity if judgment for the plaintiff will operate to control the action of the state or subject it to liability. *Ark. Oil & Gas Comm'n v. Hurd*, 2018 Ark. 397, at 8, 564 S.W.3d 248, 253. Claims for monetary damages against the state and state employees are barred by sovereign immunity. *Steinbuch v. Univ. of Ark.*, 2019 Ark. 356, at 12, ___ S.W.3d ___, ___. The doctrine of sovereign immunity extends to state agencies. *Ark. Dep't of Cmty. Corr. v. City of Pine Bluff*, 2013 Ark. 36, at 3, 425 S.W.3d 731, 733.

Sovereign immunity may be overcome when the state is the moving party seeking relief and when the state agency is acting illegally or if a state officer refuses to do a purely ministerial act required by statute. *Ark. State Med. Bd. v. Byers*, 2017 Ark. 213, at 3–4, 521 S.W.3d 459, 462. We have held that a state agency or officer may be enjoined from acting arbitrarily, capriciously, in bad faith, or in a wantonly injurious manner. *Heslep*, 2019 Ark. 226, at 6, 577 S.W.3d at 5. We have also recognized that a state agency or officer may be enjoined from pending action that is ultra vires. *Steinbuch*, 2019 Ark. 356, at 12, ___ S.W.3d at ___. But we have not recognized an exception to sovereign immunity for

3

unconstitutional acts or acts that are ultra vires, arbitrary, capricious, or in bad faith when a plaintiff seeks monetary damages. *Id.*

The Harrises argue that sovereign immunity does not bar their claims because they allege DHS acted illegally. Relying on this court's language in *Board of Trustees v. Burcham*, 2014 Ark. 61, the Harrises argue that the exception for illegal acts applies to claims for monetary damages. In *Burcham*, this court listed the then-recognized exceptions to sovereign immunity—where the state is the moving party seeking relief, where the legislature has created a specific waiver,[1] and where the state agency is acting illegally or if a state officer refuses to do a purely ministerial act—and then stated that "[a]dditionally, a state agency may be enjoined if it can be shown (1) that the pending action of the agency is ultra vires or without the authority of the agency, or (2) that the agency is about to act in bad faith, arbitrarily, capriciously, and in a wantonly injurious manner." *Id.* at 3–4. The Harrises contend that this court's separate enumeration of the instances in which an agency may be enjoined means that the other exceptions to sovereign immunity, including the illegal-act exception, also apply to damages claims.

But our sovereign-immunity cases provide no support for the proposition that the illegal-act exception allows claims seeking monetary damages against the state. We have long limited this exception to suits seeking injunctive relief. In *Pitcock v. State*, 91 Ark. 527, 537–38, 121 S.W. 742, 746 (1909), this court explained that

---

[1]In *Board of Trustees of University of Arkansas v. Andrews*, 2018 Ark. 12, 535 S.W.3d 616, we held the Arkansas Constitution prohibits legislative waivers of sovereign immunity.

4

where the suit is against an officer to prevent him from doing an unlawful act to the injury of the complaining party, such as the taking or trespass upon property belonging to the latter, the former cannot shield himself behind the fact that he is an officer of the state; and also where the officer refuses to perform a purely ministerial act, the doing of which is imposed upon him by statute. In either of such cases, a suit against such an officer is not a suit against the state.

*See also Hickenbottom v. McCain*, 207 Ark. 485, 181 S.W.2d 226 (1944) (suit to enjoin state officers from collecting taxes not barred); *Fed. Compress & Warehouse Co. v. Call*, 221 Ark. 537, 254 S.W.2d 319 (1953) (suit to enjoin state officers from proceeding under an allegedly void ruling not barred); and *Cammack v. Chalmers*, 284 Ark. 161, 163, 680 S.W.2d 689, 689 (1984) ("We view our cases as allowing actions that are illegal, are unconstitutional, or are ultra vires to be enjoined.").

We have never recognized an exception to sovereign immunity for unconstitutional acts or for acts that are ultra vires, arbitrary, capricious, or in bad faith to allow a claim for money damages to proceed. *Burcham*, 2014 Ark. 61, at 4. And the exception when the state agency is acting illegally does not apply when the plaintiff seeks money damages. Because the Harrises are seeking monetary damages, not injunctive relief, their claims are barred by sovereign immunity.

Finally, the Harrises argue that DHS waived sovereign immunity under the moving-party exception by moving to dismiss the case. When the state is the moving party seeking specific relief, it is prohibited from raising sovereign immunity as a defense to a counterclaim or offset. *Fireman's Ins. Co. v. Ark. State Claims Comm'n*, 301 Ark. 451, 455, 784 S.W.2d 771, 774 (1990). To waive sovereign immunity, the state's request for

5

affirmative relief must be specific. *LandsnPulaski, LLC v. Ark. Dep't of Corr.*, 372 Ark. 40, 44, 269 S.W.3d 793, 796 (2007). Filing a motion to dismiss is a defensive action, not a request for specific relief. Therefore, the moving-party exception does not allow the Harrises' claims to proceed.

The circuit court erred in denying DHS's motion to dismiss based on sovereign immunity. Accordingly, we reverse the circuit court's order and dismiss the case.

Reversed and dismissed.

BAKER, J., concurs.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I have written expansively about the questionable legal basis for, if not the pure folly of, this court's sovereign immunity jurisprudence beginning with the watershed case of *Board of Trustees of University of Arkansas v. Andrews*, 2018 Ark. 12, 535 S.W.3d 616. *See Milligan v. Singer*, 2019 Ark. 177, 574 S.W.3d 653 (Hart, J., dissenting); *Ark. Cmty. Corr. v. Barnes*, 2018 Ark. 122, 542 S.W.3d 841 (Hart, J., dissenting). I stand by these dissenting opinions and find it unnecessary to repeat them. However, I write to highlight the menace unleashed by *Andrews* and its progeny.

On April 29, 2015, a DHS investigator entered Shiloh Christian School, a private school in Springdale, to interview the three minor children of Justin and Marsha Harris in the course of a child-maltreatment investigation. DHS entered the school pursuant to an order of investigation entered by the circuit court directing that "[t]he publicly supported

6

school facility, institution, or other place where the juvenile shall be located is ordered to allow entrance." The affidavit attached to DHS's petition for the order stated that an order was necessary "to insure cooperation by the private school." The petition itself did not identify the private school, but requested that the Harrises "permit a full investigation of this report, including, access to the children at [left blank] for interviews."

The circuit court found that Justin and Marsha Harris's complaint stated a cause of action against the Arkansas Department of Human Services for having violated the constitutional rights of the Harris family to be free of unreasonable government intrusion into their lives. By dismissing the Harrises' complaint, the majority has given the government a free hand to deceive the courts so that it can secure the assistance of an armed police officer and invade the privacy and security of the Harrises' children. I am not overstating the effect of today's majority decision when I say that it gives new unbridled power to the State.

I dissent.

*Shanice Johnson*, Office of Chief Counsel, for appellant.

*The Story Law Firm, PLLC*, by: *Travis W. Story*, *Gregory F. Payne*, and *Katie L. Freeman*, for appellees.

7